## THE PEOPLE, RESPONDENTS, *v*. JOHN H. THOMPSON, APPELLANT.

[1] INDICTMENT, SUFFICIENCY OF.—Wherever an indictment substantially follows the statute, so as to put the prisoner upon fair notice of the offense charged, and the time, place and circumstances necessary to constitute the crime, it will be sufficient.

[2] IDEM — TRANSMISSION OF.—The 309th section of the Act · Regulating Criminal Proceedings provides: "When an indictment is found in the Court of Sessions for murder, manslaughter, etc., it shall be transmitted by the Clerk to the District Court sitting in the county, for trial, except," etc. An indictment found in the District Court in the possession of a proper officer, would not be invalidated because not indorsed by himself as Clerk of one Court to himself as Clerk of another Court.

[3] CONTINUANCE, AFFIDAVIT FOR.—An affidavit for a continuance, on the ground of the absence of a witness, should state that the testimony wanted is not merely cumulative, and cannot be proved by others, and that the application is not made for delay. The character of the diligence used in trying to obtain the attendance of the witness, whether by exhausting the process of the law or otherwise, should also be stated.

PLEA OF NOT GUILTY.—The statute allows the plea of "not guilty" to be entered on the minutes of the Court in the absence of the prisoner.

SENTENCE — AMENDMENT BY COURT.—After sentencing the prisoner, but before signing final judgment, the Court had the prisoner brought before it, and amended the sentence by shortening the time. *Held* not to be error.

APPEAL from the Fifth Judicial District.

Thompson was convicted of the murder of Andreas Fajardo.

The indictment commenced thus: "John H. [239] Thompson is ac- *cused by the grand jury of Calaveras County, by this indictment, of the crime of murder, committed as follows:" It then proceeds to charge the offense in the adopted technical form of an indictment for murder by shooting, but omits the averments locating and describing the wounds, and the averment that it is found on the oaths of the jurors. Thompson applied for a postponement of his trial, and, in support of his application, filed his affidavit in the following words: "John H. Thomp- ·

---

[1] Approved in *People* v. *Stuart*, *ante*, 226. Cited in *Collins* v. *State*, 13 Fla. 655.

[2] Cited in *People* v. *Gaunt*, 23 Cal. 158; *People* v. *Williams*, 24 Cal. 38; *People* v. *Francis*, 38 Cal. 188; see *People* v. *Quincy*, 8 Cal. 89.

[3] *People* v. *Jenkins*, 56 Cal. 6.

son, the defendant in the above entitled action, being duly sworn, says that he has fully and fairly stated the case in the above action to Fred. Yeiser and William J. Gatewood, his counsel in said action, who reside in said county, and that he has a good and substantial defense on the merits to said action, as he is advised by said counsel, after such statement made as aforesaid, and verily believes to be true that John Hicks is a necessary and material witness for deponent on the trial of said action, and a witness without whom he cannot safely proceed to trial, as he is advised by his said counsel after a full statement of all the facts, he expects, and is assured, he can prove by said witness; and that said witness resides in this county, and that deponent hath used all diligence in his power to obtain said witness; that the absence of the said John Hicks is not by the desire, request, or procurement of this deponent; that defendant expects to be able to procure the attendance of the said witness at the next term of this Court; and that to bring the trial on at this term would work great hardship, as it would leave him, if not entirely without witnesses, at least without the most material one; he therefore prays that this trial may be postponed until the next term of this Court."

Mr. Ch. J. MURRAY delivered the opinion of the Court. Mr. J. HEYDENFELDT concurred.

This appeal is prosecuted from a judgment of the District Court, the appellant having been found guilty of "murder."

1. The first error assigned is, that the indictment is "insufficient in law for want of accuracy," etc.

The criminal code of this State has abolished the subtle distinctions and nice technicalities usually observed in an indict- *ment at common law. The [240] Legislature, regarding the form of indictments as used in the older States as of little consequence, so far as the substantial rights of the State or the prisoner are involved, and the strict construction given in such cases too often resulting in the escape of the criminal on some immaterial ground or clerical error, have prescribed a simple

form of indictment, for the purpose of obviating these difficulties and preserving the ends of justice.

The facts necessary to be set forth are provided in the statute, and whenever it is substantially followed, so as to put the prisoner upon fair notice of the offense charged, and the time, place and circumstances necessary to constitute the crime, it will be sufficient. While we are unwilling to reverse a case upon a mere technicality, we desire to call the attention of Courts and prosecuting officers throughout the State to the necessity of more strictness of pleading than has been evinced by the appeals lately brought to this Court.

It is certainly not difficult under our statute to frame an indictment which is sufficient; and every requisition of the law, from the formation of the grand jury to the final sentence of the Court, whether directory or mandatory (in the opinion of the Court below), should be complied with and set forth in the record.

On examination of the indictment in this case, we are of opinion it is substantially correct, and does not appear to have been excepted to. The point is not well taken.

2. It is said the indictment was not transferred from the Court of Sessions to the District Court in the manner pointed out by the statute.

This objection was not taken upon the trial, and if it had been, we do not think it would have been material. The Court would have cured the error by directing the Clerk to indorse the same.

The 309th section of the Act Regulating Criminal Proceedings provides: "When an indictment is found in the Court of Sessions for murder, manslaughter, etc., it shall be transmitted by the Clerk to the District Court sitting in the county, for trial, except," etc.

[241]         *The Clerk of the District Court is by law the Clerk of the Court of Sessions, and the indictment found in the District Court in the possession of the proper officer would not be invalidated, because not indorsed by himself as Clerk of one Court to himself as Clerk of another Court. The intention of the statute was simply to

point out the place where indictments for a certain character of offenses should be kept, and were triable.

3. It is contended the Court erred in refusing a continuance upon the affidavit of the appellant. The affidavit does not state that such testimony is not merely cumulative, and cannot be proved by another; that such application is not made for delay, or the character of diligence used in trying to obtain the attendance of the witness. The allegation that a party has used all the diligence in his power is not sufficient. It should be shown to the Court, of what such diligence consisted, whether by exhausting the process of the Court, or otherwise. In a country like ours, where there are so many changes and vicissitudes, it is impossible to obtain the attendance of witnesses from term to term, as in older communities, and unless Courts are strict in enforcing the law, and prompt in the adjudication of controversies, there can be no security for private rights or redress for public grievances.

4. That the Court erred in allowing the plea of the prisoner to be entered on the minutes of the Court in the absence of the prisoner. The record shows that the prisoner was properly arraigned upon the indictment, and was allowed time to plead. On the following day he appeared, by his counsel, and entered the plea of "not guilty."

The 299th section of the Criminal Code provides: "Every plea shall be oral, and shall be entered on the minutes of the Court." 301st, "A plea of guilty can in no place be put in, except by the defendant himself in open Court, except," etc.

These two sections must be construed together. The 299th section, taken by itself, would seem to be a reaffirmance of the common law, which required the prisoner to plead in person; the latter section, however, alters this principle, by rendering it unnecessary for the prisoner to be present and plead, except in case where he pleads guilty. No inconvenience can result *from this [242] construction, or any possible harm to the rights of the prisoner, while the sense of the statute is preserved. "The plea of not guilty is a denial of every allegation in the indictment."

While the law will not allow an attorney or counsel to admit away the life or liberty of a party, there can be no danger in permitting him to plead to the whole charge, and put the State to the proof of the offense.

5. The Court erred in passing two sentences upon the appellant.

After the Court had sentenced the appellant to be executed on the 5th of May, it caused him to be brought again into Court, and amended the sentence by shortening the time.

The action of the Court was doubtless predicated on a mistaken construction of the statute, that the time within which the sentence should be executed was mandatory, and not directory, and from abundant caution shortened the period so as to conform to the statute, and in this we see no error. It is, however, contended that the first sentence having been for a longer period than that provided by law, the sentence was illegal, and could not have been executed, and that after passing said sentence the authority of the Court was exhausted; consequently, the last sentence was illegal, and there is now no proper time fixed by the Court at which the prisoner can be executed. The first sentence was perfectly legal and correct, and one to which the prisoner could not object, as it afforded him a longer time than the Court might, in its discretion, have allowed. As to the second, it was perfectly competent for the Court, at any time before final judgment signed, to amend its judgment, so that either sentence was good. The only objection that could possibly be taken is, that the statute allows a certain time between the finding of the verdict and the pronouncing of judgment, for the purpose of enabling the prisoner to move in arrest, or take such objections as may be necessary on appeal. This time was allowed before pronouncing the first sentence, and there is no pretense that any advantages were lost to the prisoner by the subsequent modification of it.

[243]     *The objection that the jury were not properly sworn is not sustained by the record.

The last error assigned is, that the Court allowed the jury

to separate without the custody of an officer, during the trial. Even if this was error, the record does not show the fact, and we only allude to it from an earnest desire for correct practice.

We have carefully considered all the points made by the appellant, and are forced to the conclusion that, while some informalities may have been committed in the trial of the prisoner, yet upon the whole, he has had a fair and impartial trial, and that justice has been done in the premises.

The judgment is affirmed, and the Court below directed to appoint a day for the execution of the sentence.