[Crim. No. 117.   First Appellate District.—December 19, 1907.]

## Ex Parte SIMON L. MONCKROS VON VETSERA, on Habeas Corpus.

HABEAS CORPUS—FORM OF SUCCESSIVE JUDGMENTS—CONVICTION OF "FELONY."—Where the defendant in two criminal cases was sentenced at the same time to successive terms of imprisonment, the fact that the form of the judgments recited in each case that defendant had been convicted of "felony," without designating the particular felony, cannot render them insufficient upon *habeas corpus.*

ID.—HEARING UPON FORMER WRIT IN SUPERIOR COURT—ORDER FOR DISCHARGE NOT ENTERED—POWER TO VACATE.—Where, upon a hearing upon a former writ of *habeas corpus* in the superior court, an oral order was made ·discharging the prisoner, which was not reduced to writing nor entered in the minutes of the court, the court had plenary power, while its action remained within its breast, to vacate the order, and to reserve the application for further action.

WRIT OF HABEAS CORPUS to the warden of the State Prison at San Quentin.

The facts are stated in the opinion of the court.

James W. Keys, for Petitioner.

Thomas B. Boyd, and Walter Burpee, for Respondent.

HALL, J.—Petitioner is in the custody of the warden of the state prison at San Quentin.

From the return to the writ it appears that he was delivered into the custody of the warden of said state prison in execution of two judgments rendered by the superior court of the county of Alameda, May 31, 1900, the term of imprisonment prescribed in each judgment being fourteen years, and the term in the second one to commence upon the expiration of the term of the first, it being recited that defendant had been convicted upon both charges before judgment was rendered upon either.   The only ·possible criticism of the form of the judgments is that it is recited in each that defendant was convicted of a "felony," the particular

felony not being designated. That this form of judgment
is sufficient to withstand an attack upon *habeas corpus* does
not admit of discussion. (*Ex parte Gibson,* 31 Cal. 620,
[91 Am. Dec. 546]; *Ex parte Murray,* 43 Cal. 455; *People*
v. *Kelly,* 120 Cal. 271, [52 Pac. 587].)

It results that the prisoner must be remanded unless he is
now entitled to be discharged by virtue of certain proceed-
ings had in and before the superior court of Marin county.

It appears that the petitioner made application, by peti-
tion addressed to and filed in said superior court, for a writ
of *habeas corpus.* The court ordered the writ to issue, and
in obedience to such writ the warden produced the prisoner
before the court on the fourth day of October, 1907, with
his return to the writ, setting up that he held him by virtue
of the two judgments hereinbefore referred to. The hear-
ing was continued by said court to October 15, 1907, and the
presence of the prisoner waived. On the fifteenth day of
October, 1907, the court heard the matter, and the judge of
the court, in open court, announced that the petitioner was
illegally detained by said warden, and ordered that he be
discharged from the custody of said warden. No written
order for his discharge was made or signed by the judge,
and no entry of such order was made in the minutes of the
court or in any manner save that the clerk made a mem-
orandum thereof in pencil in a book, manifestly kept by him
as a personal memorandum-book in aid of his memory in sub-
sequently making entries in the minutes of the court. The
book bore no title, label or other indicia of official character.
The entry concerning the order announced by the judge of
the court is in pencil, several words are represented by ab-
breviations, and the whole is manifestly a personal memoran-
dum of the clerk to be used to aid his memory when he should
enter the order in the minutes of the court.

Subsequently, on October 17, 1907, the court, in the ab-
sence of the prisoner, made and signed in open court a writ-
ten order, reciting that the previous order had never been
entered in the minutes of the court, and vacating and set-
ting aside the same, and in effect reserving the matter of the
prisoner's application for further action.

Petitioner now insists that the order made on October
15th was a final adjudication by a court of competent juris-

diction that petitioner should be discharged, and that said court thereby lost jurisdiction to subsequently enter any different order.

We cannot agree with this contention. Until the judgment had been entered in the minutes of the court, or had been in some authentic manner reduced to writing, as by the judge signing a written order, it must be held that the judgment lay in the breast of the judge, and that the court had plenary power thereover.

We have been cited to no case precisely in point, but in jurisdictions where terms of court exist it has always been held that the court had such power during the term.

"A court has plenary control of its judgments, orders and decrees during the term at which they are rendered, and may amend, correct, modify or supplement them for cause shown, or may, to promote justice, revise, supersede, revoke or vacate them as may in its discretion seem necessary." (12 Cyc. 860. See, also, *De Castro* v. *Richardson*, 25 Cal. 49.)

"This power is inherent in all courts of general jurisdiction, and is not dependent upon, nor derived from the statute." (23 Cyc. 902; 1 Black on Judgments, sec. 305.)

The right to revise the judgment during the term is based upon the fiction that the judgment was not entered or the roll made up until the close of the term. The actual want of the entry of the judgment, surely, is a stronger basis for the existence of the right to change the judgment, than the fiction that it has not been entered or the roll made up.

"A judgment must be reduced to writing, and cannot exist in the memory of the officers of the court." (11 Ency. of Pl. & Pr. 925; *Davidson* v. *Murphy*, 13 Conn. 213; *Jones* v. *Walker*, 5 Yerg. (Tenn.) 427; *Balm* v. *Nunn*, 63 Iowa, 641, [19 N. W. 810]; *Young* v. *People*, 171 Ill. 299, [49 N. E. 503].)

A judgment can only be proved by the record of its entry, or by parol after proof of the destruction or loss of the record. (*Young* v. *People*, 171 Ill. 299, [49 N. E. 503]; *Case* v. *Plato*, 54 Iowa, 64, [6 N. W. 128].)

It has been held that the oral announcement of the court's decision is not sufficient basis for the entry of a judgment *nunc pro tunc*. (*Boyd* v. *Schott*, 152 Ind. 161, [52 N. E.

752]; *Young* v. *Young,* 165 Mo. 624, [88 Am. St. Rep. 440, 65 S. W. 1016].)

We have been cited to no case that holds that an order or judgment in no way reduced to writing, or entered in the minutes of the clerk, may not be revised by the court making the order of judgment—on the contrary, it has been held that at any time before "final judgment signed" it was proper for the court to amend its judgment. (*People* v. *Thompson,* 4 Cal. 239.) So too the court may change its conclusions of law at any time before judgment is entered. (*Condee* v. *Barton,* 62 Cal. 1; *Crim* v. *Kessing,* 89 Cal. 478, [23 Am. St. Rep. 491, 26 Pac. 1074]; *Brady* v. *Burke,* 90 Cal. 1, [27 Pac. 52].)

In *Niles* v. *Edwards,* 95 Cal. 47, [30 Pac. 134], relied on by petitioner to support the proposition that an order or judgment, to be effectual, need not be entered in the minutes, the court had under consideration an order, modifying a department judgment of the supreme court, that was not entered by the clerk in the minutes of the court until after the expiration of the time for granting a rehearing, but the order had been reduced to writing and signed by four justices. So, too, *Von Schmidt* v. *Widber,* 99 Cal. 511, [34 Pac. 109], cited by petitioner, is really authority against him. It is there said: "It is essential, however, that the action of the court be made a matter of record, in order that there may be no uncertainty as to what its action had been, and for this purpose it is customary, as well as expedient, to have its acts entered in the minutes kept by the clerk; but if the order is formally prepared and signed by the judge, and made a matter of record by filing with the clerk, the same end is attained as if it were spread at length upon the minutes of its daily transactions."

In the case at bar the order relied on by petitioner for his discharge, never having been entered in the minutes of the court, was subject to be vacated and revised by the court, and having been thus vacated affords no warrant for his release from the imprisonment under which he is held by virtue of the judgments of the superior court of Alameda county.

Petitioner is therefore remanded.

Cooper, P. J., and Kerrigan, J., concurred.