[Civ. No. 1536. First Appellate District.—September 18, 1915.]

JESSIE J. HUGHES, Administratrix, etc., Substituted in Place of Jesse Hughes, Deceased, Respondent, v. CHUNG SUN TUNG COMPANY, Appellant.

BROKER'S COMMISSION—PROCURING LOAN—NONSUIT—ORDER SETTING ASIDE—APPEAL—PRESUMPTION OF REGULARITY.—In an action to recover commissions claimed to ·be due under a contract to procure a loan, where the court granted a nonsuit, but thereafter made an order vacating and setting aside the judgment, and permitted plaintiff to file a second amended complaint, the order setting aside the judgment being made within the time provided by section 473 of the Code of Civil Procedure, was within the power and jurisdiction of the court, and, in the absence of a record on appeal showing the basis of the court's action, will be presumed to be regular.

ID.—APPEAL—ORDER MADE AFTER JUDGMENT.—The order vacating the first judgment being one made after final judgment, was an appealable order, and where the defendant took no direct appeal from it, the insertion in his notice of appeal from a subsequent judgment in favor of the plaintiff, that the appeal was also taken from "every interlocutory and intermediate order made in said case adverse to said defendant," does not have the effect of bringing before the appellate court for review the order vacating the former judgment, and it cannot be reviewed under the express exception of section 956 of the Code of Civil Procedure.

ID.—PLEADING—AMENDMENT—IDENTITY OF CAUSE OF ACTION.—Where the plaintiff in his original and first amended complaints sued for commissions for the procurement of a loan of a certain sum of money, which the defendant was alleged to have received and accepted, under an express contract with plaintiff allowing him a certain percentage for the procurement of such loan, and in his second amended complaint averred that he had performed the terms of his contract by the procurement of the loan in the required amount, but that defendant had refused to accept or receive the same, the amendment in the latter pleading did not introduce a new cause of action.

ID.—BREACH OF CONTRACT—WHAT CONSTITUTES.—Where the contract was in the form of an application by the defendant to the plaintiff, who was a loan broker, for a loan of a certain amount, wherein the applicant agreed to take the loan from any party if negotiated, and to pay the broker a certain commission on the amount loaned, defendant's breach would consist in either accepting and receiving the loan and then refusing to pay the commission, or in refusing to accept and receive the loan when the broker had procured it by the

production of a person ready and willing to make the loan in the amount, and according to the terms of defendant's obligation; in which case the broker would be entitled to his commission.

ID.—CONFLICTING EVIDENCE—FINDINGS CONCLUSIVE.—In such a case where there is a substantial conflict in the evidence, the findings of the trial court will not be disturbed on appeal.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. A. E. Graupner, Judge.

The facts are stated in the opinion of the court.

Carroll Cook, and William Hoff Cook, for Appellant.

William F. Herron, for Respondent.

LENNON, P. J.—This is an appeal from a judgment in favor of plaintiff for the recovery of commissions claimed to be due under a contract to procure a loan, and it is also an appeal expressly taken from "every interlocutory and intermediate order made in said case adverse to defendant."

The facts of the case requisite to a review of the questions presented upon this appeal are substantially as follows: The plaintiff brought this action to recover his commissions, alleging the procurement of the loan in question in his original and first amended complaints. Issue being joined, the case went to trial. At the close of plaintiff's case a motion for nonsuit was made on behalf of the defendant, and was granted by the court, and a minute record of judgment in favor of defendant was thereupon entered on September 19, 1912. On February 11, 1913, the court made an order vacating and setting aside said judgment, and also appears to have made an order permitting the plaintiff to file a second amended complaint. The moving papers and proofs upon which these two orders were predicated are not before the court, but the order of the court setting aside its first judgment having been made within the time permitted by section 473 of the Code of Civil Procedure, was within the power and jurisdiction of the court, and, in the absence of a record showing the basis of the court's action, will be presumed to be regular. Besides, this order of the court being an order made after final judgment, was an appealable order, from which the defendant took no direct appeal. The insertion in defendant's notice of appeal of the

language above quoted would not have the effect of bringing up to this court for a review the order of the court vacating the former judgment, since the time for an appeal from that order had long since expired. It cannot, therefore, be reviewed upon this appeal under the express exception of section 956 of the Code of Civil Procedure.

The plaintiff having filed his second amended complaint, and issue being joined thereon, the cause again proceeded to trial, at the conclusion of which the plaintiff recovered judgment against the defendant for the sum of one thousand nine hundred and fifty dollars, with interest and costs. It is from this judgment that the defendant prosecutes this appeal.

It is the contention of the appellant that the court erred in permitting the plaintiff to file his second amended complaint for the reason that a new cause of action is therein attempted to be set forth. In his original and first amended complaints the plaintiff sued for commissions for the procurement of a loan of a certain sum of money, which the defendant was alleged to have received and accepted, under an express contract with the plaintiff allowing him a certain percentage for the procurement of such loan. In the second amended complaint the plaintiff averred that he had performed the terms of his contract by the procurement of the loan in the required amount, but that the defendant had refused to accept or receive the same. We do not perceive that this change in the form of the plaintiff's averment of the defendant's breach of his contract introduces a new cause of action. The contract between plaintiff and defendant is in the form of an application by the latter to the former, who was a loan broker, for a loan of twenty-six thousand dollars, wherein the applicant agrees ''to take the above loan from any party if negotiated, and will pay C. U. Barlow & Co. a commission of seven and one-half per cent on the amount loaned.'' Under such a contract the defendant's breach would consist in either accepting and receiving the loan and then refusing to pay the commission, or in refusing to accept and receive the loan when the brokers had procured it by the production of a person ready and willing to make the loan in the amount and according to the terms of the defendant's obligation; in which case the brokers would be entitled to their commissions. (*Maxon v. Jones*, 128 Cal. 77, [60 Pac. 516].) The gravamen of the action is the breach of the contract, and the averment of such

breach in one form or the other would not amount to a change in the nature of the action. With the discretion of the court in permitting the plaintiff to file his second amended complaint we are not concerned upon this appeal, for there is no record before us showing the reason or lack of reason which led the court to make the order.

The final contention of the appellant is that the findings of the court are not justified by the evidence, but upon a careful reading of the record we find that the testimony of the witness Stidger, if believed by the court, was sufficient to show that the plaintiff did actually produce a person ready and able and willing to make the loan in question. This being so, a substantial conflict in the evidence was presented to the court, and its finding thereon will not be disturbed upon this appeal.

Judgment affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 15, 1915, and the following opinion then rendered thereon:

THE COURT.—The petition to have the above entitled cause heard and determined by this court after judgment in the district court of appeal for the first appellate district is denied. (See Burke v. Maze, 10 Cal. App. 206, 211, [101 Pac. 438, 440]; People v. Vaughn, 25 Cal. App. 736, 740, [147 Pac. 116, 117]; see, also, Prince v. Hill, 170 Cal. 192, [149 Pac. 578, 580].)