[Civ. No. 2262. Second Appellate District.—May 2, 1918.]

## F. D. COLLINS, Respondent, v. R. O. BELLAND, Appellant.

COSTS—WAIVER OF FINDINGS—RUNNING OF TIME OF SERVICE AND FILING.—Where findings of fact are waived, an entry on the minutes of the court directing judgment for one or the other of the parties constitutes the decision of the court, and the time for serving and filing memorandum of costs commences to run from the minute entry date, or the date of notice, to the party claiming costs, of such minute entry.

APPEAL from an order of the Superior Court of Los Angeles County striking out a cost bill. Frank G. Finlayson, Judge.

The facts are stated in the opinion of the court.

Waldo, Root & Dysert, and Floyd Anderson, for Appellant.

A. P. Michael Narlian, for Respondent.

JAMES, J.—The defendant, being the successful party at the trial had herein, appeals from an order of the superior court striking out the cost bill filed by him. The ground of the motion to strike out the bill was that it had been filed before decision had been made by the court. It is shown by the minutes of the superior court that trial of this action was had on July 20, 1916. The concluding portions of the minutes of the court are as follows: "Cause submitted without argument. Thereupon it is ordered that judgment be ordered for defendant. Findings were waived." It is made further to appear by the record that on the day following the defendant served and filed his memorandum of costs and disbursements. It further appears that on the twenty-sixth day of

July a form of judgment was presented to the judge, who signed the same, and the clerk filed and entered the judgment so made, leaving blank that portion of it which provided for the recovery of costs to the defendant. On the twenty-seventh day of July, five days having elapsed after the filing and serving of the memorandum of costs, and no objections having been made thereto, the clerk filled in the blank, inserting the total of defendant's costs as shown by his memorandum. The sole question presented is as to whether the entry on the minutes of the court, findings being waived, directing judgment for the defendant, constituted a decision of the court in the case. Section 1033 of the Code of Civil Procedure provides that the party in whose favor judgment is rendered, and who claims his costs, must deliver to the clerk and serve upon the adverse party, within five days "after the verdict, or notice of the decision of the court or referee," a memorandum of the items of his costs and disbursements. The section in conclusion provides: "By the decision of the court, or referee, herein referred to, is meant the signing and filing of the findings of fact and conclusions of law." No question is made but that the plaintiff had actual notice and legal notice of the making of the minute order directing judgment for the defendant. The question is: Under section 1033 of the Code of Civil Procedure, which provides that the memorandum of costs and disbursements must be filed within five days after the signing and filing of findings of fact and conclusions of law, does the time for the filing of such memorandum, where no findings of fact are made, commence to run before the entering of judgment? If it may be said that there is no decision in such a case until the judgment has been entered, then the position of respondent must be sustained. If, on the other hand, where findings of fact and conclusions of law are waived, a minute entry directing judgment for one or the other of the parties constitutes the decision, then the time for the serving and filing of the memorandum of costs would commence from the minute entry date or the date of notice to the party claiming costs, of such minute entry. In *Crim* v. *Kessing*, 89 Cal. 478, [23 Am. St. Rep. 491, 26 Pac. 1074], it is said: "But under the provisions of the Code of Civil Procedure, whenever findings are required, there can be no 'rendition of the judgment' until they are made and filed with the clerk. Findings of fact, however, are required only 'upon the trial of a

question of fact,' and they may in all instances be waived. Whenever they are waived or are not required, the entry of its decision in the minutes of the court constitutes the 'rendition of the judgment' in the same manner as it did under the former system." And in *San Joaquin L. & W. Co.* v. *West,* 99 Cal. 345, [33 Pac. 928], it is said: "The decision of the court referred to in these sections, when filed, amounts in law to a rendition of the judgment." We think that where the findings of fact are waived, as they were in this case, an entry on the minutes of the court directing judgment for one or the other of the parties constitutes the decision of the court. The opinions which hold that the oral views of the court as expressed from the bench do not constitute a decision in any case are not in point.

The order appealed from is reversed.

Conrey, P. J., and Works, J., *pro tem.,* concurred.