[Civ. No. 3653. Second Appellate District, Division Two.—March 27, 1922.]

## HAZEL SMITH, Appellant, v. JAMES ROSS et al., Respondents.

[1] COSTS—WAIVER OF FINDINGS — RENDITION OF JUDGMENT.—Where findings are waived, the entry of the court's decision in the clerk's minutes constitutes the rendition of the judgment within the meaning of section 1033 of the Code of Civil Procedure, providing for the filing and service of a cost bill, and until such minute order is entered in the clerk's regular minute-book—not in the court-room clerk's so-called "rough minutes"—no judgment is "rendered."

[2] ID.—TIME FOR SERVICE AND FILING OF COST BILL—NOTICE OF MINUTE ENTRY OF DECISION.—Since section 1033 of the Code of Civil Procedure does not require the party in whose favor the judgment is rendered to serve or file his memorandum of costs until within five days after notice of the decision, and since in a case where findings are waived there is no decision until the clerk has made his minute entry, the party entitled to costs is not required to serve and file his cost bill until he has received notice of such minute entry.

[3] ID.—ORAL ANNOUNCEMENT OF DECISION—PRESENCE OF COUNSEL—INSUFFICIENT NOTICE OF DECISION.—It does not follow that counsel for a party entitled to costs had notice of the decision simply because he was present when the court orally announced from the

bench that in its opinion judgment should be for his client, since such an announcement was subject to change at any time before entry.

APPEAL from an order of the Superior Court of Santa Barbara County striking cost bill from files. S. E. Crow, Judge. Reversed.

The facts are stated in the opinion of the court.

Preisker, Preisker & Goble for Appellant.

C. U. Armstrong and Fred A. Shaeffer for Respondents.

FINLAYSON, P. J.—This is an appeal from an order striking out plaintiff's memorandum of costs. The sole question is: Was the memorandum served and filed in time?

The action was brought to recover possession of an automobile. It appears from the bill of exceptions that at the conclusion of the trial on November 30, 1920, "the court announced that in its opinion judgment should be for the plaintiff for the return of said property or the value thereof, found to be $750, and for costs of suit." It further appears that findings were waived by defendant. Thereafter, but how soon does not appear, the clerk made an entry in the minute-book, under date of November 30, 1920, which, after reciting that the cause had been tried, argued, and submitted, and that the court had duly considered the evidence, states that the court "now renders its decision from the bench and orders that judgment be entered herein in favor of the plaintiff and against the defendant for the recovery of the possession of the automobile described in the complaint or $750 in lieu thereof, and for costs of suit. Findings waived in open court. Let judgment be entered accordingly." The entry mentioned in the final sentence of this minute entry refers, of course, to an entry of the judgment in the judgment-book. The formal judgment, which was signed by the trial judge, was filed on December 4, 1920, and was entered in the judgment-book on December 6, 1920. Plaintiff's memorandum of costs, in due form, was served on December 21, 1920, and was filed December 22, 1920. Within five days thereafter defendants served and filed a notice of motion to strike the memorandum of costs

from the files on the ground that it was not filed within the time allowed by law. From an affidavit filed by one of plaintiff's counsel it appears, without contradiction, that not until December 20, 1920, did plaintiff or her counsel have any knowledge of the minute entry of the order directing that a judgment be entered in favor of plaintiff.

Respondents contend that appellant had notice of the "decision" when the court, in the presence of appellant's counsel, orally announced from the bench "that in its opinion judgment should be for plaintiff." For appellant it is claimed that, because findings were duly waived in open court, no judgment was "rendered" and no "decision" was made until the clerk had made his minute entry of the order directing that a judgment be entered in the judgment-book in favor of plaintiff; also that she had no notice of the "decision" until December 20, 1920, when, for the first time, her counsel learned of the entry of the minute order directing that judgment be entered in her favor. This information came to appellant's counsel within five days prior to the time when her cost bill was served and filed. We think appellant's contention must be sustained.

Section 1033 of the Code of Civil Procedure provides: "The party in whose favor the judgment is rendered, and who claims his costs, must deliver to the court, and serve upon the adverse party, within five days after the verdict, or notice of the decision of the court . . . a memorandum of the items of his costs and necessary disbursements. . . . By the decision of the court . . . is meant the signing and filing of the findings of fact and conclusions of law." It will be noted that, according to the wording of this code section, it is only the party in whose favor "the judgment is *rendered*" who is entitled to costs; also that one so entitled, if the case be tried without a jury, is not required to serve or file his cost bill until "after . . . notice of the *decision* of the court."

[1] Where, as in the present case, findings are waived, the entry of the court's decision in the clerk's minutes constitutes the rendition of the judgment. Until the minute order is entered in the clerk's regular minute-book—not in the courtroom clerk's so-called "rough minutes"—no judgment is "rendered." (*Crim* v. *Kessing,* 89 Cal. 488 [23 Am. St. Rep. 491, 26 Pac. 1076]; *Brownell* v. *Superior*

*Court,* 157 Cal. 703 [109 Pac. 91].) In *Crim* v. *Kessing* the court said: " . . . under the provisions of the Code of Civil Procedure, whenever findings are required there can be no 'rendition of the judgment' until they are made and filed with the clerk. Findings of fact, however, are required only 'upon the trial of a question of fact,' and they may in all instances be waived. Whenever they are waived or are not required, the entry of its decision in the minutes of the court constitutes the 'rendition of the judgment' in the same manner as it did under the former system." So, also, with respect to the "decision." Where written findings have not been waived, the "decision" referred to in section 1033 means the signing and filing of the findings of fact and conclusions of law. But findings may be waived (sec. 634, Code Civ. Proc.); and where they are waived, as they were in the present instance, a minute order directing judgment for one or the other of the parties constitutes the "decision." Until such entry has been made in the minute-book there is no "decision," as that word is employed in section 1033 of the Code of Civil Procedure. (*Collins* v. *Belland,* 37 Cal. App. 139 [173 Pac. 601].)

[2] Since section 1033 does not require the party in whose favor the judgment is rendered to serve or file his memorandum of costs until "within five days after . . . *notice* of the decision," and since in this case there was no "decision" until the clerk had made his minute entry, it follows that plaintiff was not required to serve and file her cost bill until she had received notice of that minute entry.

[3] It does not follow that plaintiff's counsel had notice of the "decision" simply because they were present when the court orally announced from the bench that *"in its opinion* judgment should be for the plaintiff." No findings being required (they having been waived), and the court having merely made an oral statement that it was its *opinion* that judgment should be for the plaintiff, it might have changed its opinion at any time before the clerk's entry in the minute-book of the order directing judgment for plaintiff. Until such entry, the oral order or announcement from the bench was in the breast of the court and subject to change. (*Brownell* v. *Superior Court, supra.*)

It is possible that some days may have elapsed between the time when the court orally announced that it was of

the opinion that judgment should pass for plaintiff and the time when the clerk entered in his minute-book the order directing that a judgment for plaintiff be entered in the judgment-book. Such lapse of time is possible notwithstanding the fact that the minute entry bears date as of the day of the court's oral announcement—November 30, 1920. It required some time for the clerk to record the day's proceedings in his minute-book. So that, assuming, for the purpose of this decision only, that plaintiff would have been charged with notice of the "decision" if her counsel had been present when the clerk made his minute entry and had actually seen it entered, still there is nothing here to indicate that plaintiff or any of her counsel had any knowledge or notice of the minute entry until, as stated in the affidavit of one of her attorneys, the latter received a copy of the formal judgment from a court attaché on December 20, 1920—which was less than five days before the cost bill was served and filed. For these reasons we think appellant's memorandum of costs was served and filed in time and that the order striking it from the files should be reversed. It is so ordered.

Works, J., and Craig, J., concurred.