[Crim. No. 4266. In Bank.—May 27, 1940.]

THE PEOPLE, Respondent, v. H. L. McALLISTER, Appellant.

520

Klein & Clarke for Appellant.

Earl Warren, Attorney-General, F. Walter French, Deputy Attorney-General, for Respondent.

CURTIS, J.—Defendant was found guilty of a conspiracy to violate section 17 of the General Cemetery Act (Stats. 1931, p. 2434). This section is now section 8780 of the Health and Safety Code (Stats. 1939, chap. 60, p. 482) and provides that it is a misdemeanor to sell, offer for sale, or advertise any cemetery plot under representation that such plot is under perpetual care, before a perpetual care fund has been established for the cemetery in which the property so sold, offered for sale or advertised, is situated. The sentence was imposed upon defendant at about 9:30 o'clock on the morning of March 2, 1936, and was as follows: "It is ordered that the defendant be fined the sum of $900, payable in monthly installments of not less than $25 per month, commencing June 1."

After the pronouncement of the sentence, defendant and his counsel left the courtroom and went to the Central Bank building in the city of Oakland, being the city in which said court was held. Thereafter, and on the same day, said defendant and his counsel were called by the clerk of said court and requested to return to the courtroom of the court in which said judgment had been pronounced. The defendant and his counsel did return to said courtroom and during the "afternoon session" of said court the following proceedings were had in their presence:

"The court: The *People* v. *McAllister*. In this case of *People* v. *McAllister*, I inadvertently did not state the alterna-

tive in the event of nonpayment of the fine. It is further ordered that in lieu of the nonpayment of any part of the fine, the defendant be confined in the County Jail of this county at the rate of one day's imprisonment for every five dollars of said fine remaining unpaid, not to exceed a total period of six months.'' Thereupon the judgment was entered and it now appears in the judgment roll as follows:

''It is therefore ordered that he pay a fine of $900.00, said fine to be paid at not less than $25.00 per month beginning on June 1st, 1936, and each and every month thereafter until said fine be satisfied; and in default of payment of said fine, he be confined in the County Jail of the County of Alameda at the rate of one day's imprisonment for each $5.00 of said fine unsatisfied, imprisonment, however, not to exceed six (6) months.''

Thereafter petitioner filed in the District Court of Appeal a proceeding in prohibition to restrain the superior court from enforcing the alternative provisions of said judgment rendered at the afternoon session of said court and being the portion thereof providing for imprisonment in case the fine was not paid. His petition was denied on the ground that it was a collateral attack upon the judgment, and as the claimed invalidity of the judgment did not appear upon the face of the judgment, such an attack would not lie. (*McAllister* v. *Superior Court*, 28 Cal. App. (2d) 160 [82 Pac. (2d) 462].) In the course of the opinion therein the court stated: '' . . . the alternative provision, as pronounced and entered, was not invalid on its face . . . and there was no subsequent attempt to modify the judgment . . . '' The defendant thereafter filed in the trial court a motion to modify said judgment as finally entered by the clerk by striking out the alternative provision thereof on the ground that the court had no jurisdiction to change or add to said judgment, as the court attempted to do at its ''afternoon session'', by the addition of said alternative provision. Said motion was denied, and the appellant has appealed from the order denying his said motion.

''It is a general rule of the law that all the judgments, decrees, or other orders of the courts, however conclusive in their character, are under the control of the court which pronounces them during the term at which they are rendered or entered of record, and they may then be set aside, vacated, modi-

fied, or annulled by that court. But it is a rule equally well established, that after the term has ended all final judgments and decrees of the court pass beyond its control, unless steps be taken during that term, by motion or otherwise, to set aside, modify, or correct them; and if errors exist, they can only be corrected by such proceeding by a writ of error or appeal as may be allowed in a court which, by law, can review the decision.'' (*Bronson* v. *Schulten,* 104 U. S. 410 [26 L. Ed. 797] ; Black on Judgments, vol. I, 2d ed., p. 467.) This was the rule followed in this state under the first Constitution, which provided for terms of court. (Const., 1849, sec. 10, art. VI; *Baldwin* v. *Kramer,* 2 Cal. 582; *Suydam* v. *Pitcher et al.,* 4 Cal. 280; *People* v. *Thompson,* 4 Cal. 238; *Carpentier* v. *Hart,* 5 Cal. 406; *Shaw* v. *McGregor,* 8 Cal. 521; *Bell* v. *Thompson,* 19 Cal. 706, 707.)

Since the abolition of terms of court by the adoption of the present Constitution there have been various decisions of our appellate courts as to the time within which the court may modify or vacate an order or judgment rendered by it and substitute another for that previously rendered.

In support of his appeal from the order of the court 'denying his motion to modify said judgment by striking therefrom the alternative provision thereof, appellant relies in the main upon two decisions of the District Court of Appeal; *In re Sullivan,* 3 Cal. App. 193 [84 Pac. 781], and *In re Garrity,* 97 Cal. App. 372 [275 Pac. 480]. In the case of *In re Sullivan,* 3 Cal. App. 193 [84 Pac. 781], the petitioner was convicted of an assault with a deadly weapon and was sentenced to pay a fine of $700, and it was directed that if said fine was not paid he be imprisoned in the state prison until the fine was satisfied at the rate of $2 per day, and he was forthwith committed to the custody of the proper .officer. Five days later and before his delivery to the state prison, he was again brought into court and the judgment was vacated and a second judgment was rendered which was identical with the first in every particular except that the county jail was designated as the place of imprisonment in case the fine was not paid. Petitioner was released on *habeas corpus,* the court holding that after his conviction and a written commitment conforming thereto was issued under which the defendant was restrained, the power of the court was exhausted and it was

thereafter without jurisdiction to vacate the judgment and impose another.

In the decision of that case the statement is made that: "In our opinion the court must exercise the discretionary power conferred by section 1205 of the Penal Code when the original judgment is rendered, or else the power to make the direction therein provided for [the alternative provision] is lost." This statement was not necessary for the decision in that case, as the second judgment was rendered some five days after the first judgment, and the defendant, during these five days, was under legal restraint by reason of the first judgment. This statement is contrary to the well-established rule announced by the Supreme Court of the United States in the case of *Bronson* v. *Schulten, supra,* 104 U. S. 410, and quoted in the fore part of this opinion. Furthermore, the District Court of Appeal cites no authority in support of the above-quoted statement, but, on the other hand, cites and apparently relies upon a case which holds directly to the contrary as, on page 196 of its decision, we find it stated, "In *Commonwealth* v. *Foster,* 122 Mass. [317] 323 [23 Am. Rep. 326], the court after an exhaustive review of the authorities, English and American, held that the sentence might have been amended at the same term and before any act had been done in execution thereof, but not afterwards." In the light of these authorities, we are not able to agree with the statement of the District Court of Appeal in the Sullivan case that the court must exercise the power given it by section 1205 of the Penal Code when the original judgment is rendered, or else the power to make direction therein provided is lost.

In the case of *In re Garrity, supra,* 97 Cal. App. 272, the court followed the decision rendered in, *In re Sullivan, supra,* and held that, "In our opinion the court must exercise the discretionary power conferred upon it by section 1205 of the Penal Code [the alternative provision in case of failure to pay fine] when the original judgment is rendered, or else the power to make the direction therein provided for is lost." While we agree with the conclusion reached by the court in that case, we are of the opinion that the portion of the opinion just quoted was not necessary to the decision of any issue before the court. In the Garrity case the original judgment was pronounced against the defendant on October 31st, requiring him

to pay a fine of $5,000, with no alternative of imprisonment in case the fine was not paid. On December 6th, over five weeks after the pronouncement of the original sentence the court ordered that if the fine is ''not paid by December 20th, 1938, the defendant shall be remanded to the sheriff of Los Angeles County to be confined in the county jail until paid out at the rate of $8.00 per day''. An attempt was made to imprison the defendant under this alternative provision of the sentence, and the District Court of Appeal properly held he was illegally imprisoned and discharged him from custody. It can hardly be assumed that during the time between the original sentence and the order providing for the alternative of imprisonment in case the fine was not paid, a period of over five weeks, the first sentence had not been entered by the clerk in the minutes of the court. That being so, the court had lost jurisdiction of the case and had no authority to add to or modify the original sentence pronounced upon the defendant.

In the instant case, it is conceded that the sentence imposed upon the defendant at the morning session of the court was not entered in the minutes of the court prior to the afternoon session, when the court included in the sentence the alternative provision thereof. From the nature of the sentence imposed at the morning session, the defendant was not and could not have been placed under any restraint by reason of said sentence. The judgment was pronounced on March 2, 1936, and provided for a fine of $900 to be paid in monthly instalments of $25 a month, beginning June 1, 1936. As the sentence pronounced by the court at its morning session had not been entered in the minutes of the court prior to the afternoon session, and as defendant had not been placed under any restraint by reason of the first sentence, the court at the time it pronounced the second sentence had judisdiction and authority to amend or modify its previous sentence by including in the sentence the alternative provision in the event of nonpayment of the fine.

It was so held in *Ex parte Monckros Von Vetsera*, 7 Cal. App. 136 [93 Pac. 1036], where the petitioner had been convicted and sentenced to San Quentin. He sought his release by *habeas corpus*, brought in the superior court of Marin County. The court, upon the hearing of his petition, made an order on October 15th, discharging him from custody. No written order of discharge was made by the court, nor was

any entry of said order made by the clerk of court in his minutes. On October 17th, in the absence of the prisoner, the court made an order vacating his order, made two days previously, and reserved the matter for further action. Petitioner then applied to the District Court of Appeal by petition for writ of *habeas corpus* to be released from the custody of the warden of San Quentin on the ground that the superior court, after making its order of October 15, discharging petitioner, was without jurisdiction to vacate said order or render any further order in said proceeding. The District Court of Appeal denied the petition and held as follows: "In the case at bar the order relied upon by the petitioner for his discharge never having been entered in the minutes of the court, was subject to be vacated and revised by the court, and having been thus vacated affords no warrant for his release from imprisonment."

The other cases cited by the appellant and decided since the Sullivan case shed but little light upon the question now before us. In *In re Bouchard,* 38 Cal. App. 441 [176 Pac. 692], the petitioner had been sentenced under the Indeterminate Sentence Law and had served practically a year of his sentence in state prison, although the crime of which he had been convicted had been committed prior to the effective date of the Indeterminate Sentence Law. Thereafter on motion of the district attorney, the petitioner was returned from the state prison and resentenced by the trial court. On *habeas corpus,* it was held that the trial court was without authority to render this second judgment, inasmuch as the petitioner had begun the service and had served almost a year of his prior sentence.

In *In re Gottschalk,* 47 Cal. App. 260 [190 Pac. 649], the judgment as originally entered gave the defendant the option of avoiding the imprisonment by the payment of the fine. Later, however, the court entered an order purporting to withdraw the option and directing the imprisonment of the defendant. This order was made after the defendant had been taken into custody and brought the case within the rule that the court has no jurisdiction to modify a sentence after the defendant has been taken into custody thereunder.

In *In re Claudette,* 21 Cal. App. (2d) 688 [69 Pac. (2d) 1021], petitioner was found guilty of petit theft and on April 17th sentenced to imprisonment in the county jail for a period

of thirty days and to pay a fine of $250. The time of his imprisonment expired on May 14th, at which time the court made and signed an additional order that the petitioner be imprisoned for another thirty days, or until the fine was paid, not exceeding $8.33 a day, said sum amounting to the $250 fine originally imposed. The appellate court held that the trial court was without jurisdiction to make the second order, having exhausted its jurisdiction under the original judgment. As will be noted, a period of thirty days intervened between the original sentence and the attempt to modify it, during which time defendant had been imprisoned under the original sentence.

In *Barry* v. *Superior Court*, 91 Cal. 486 [27 Pac. 763], the petitioner was found guilty of contempt of court and on September 30, 1889, sentenced to be imprisoned in the county jail for five days and to pay a fine of $500, and if said fine was not paid at the end of the five days' imprisonment that he be further imprisoned until said fine should be satisfied at the rate of one day for each $2 of the fine unpaid. The petitioner served the five days' imprisonment. The court on October 5, 1890, a year and five days after the entry of the first judgment, made a further or second judgment, reciting that said fine had not been paid and ordered execution to issue against petitioner for the sum of $500 and costs. This second judgment was rendered without any notice to petitioner. This court held that the trial court did not retain jurisdiction to enter another and different judgment in the same matter on October 5, 1890. The court did not state its reasons for its decision, but it is apparent that there were two grounds upon which the decision might well have been based. One of these grounds was that one year and five days had elapsed before the judgment was attempted to be modified, and another was that the defendant in the action had been taken into custody by virtue of the sentence imposed by the first judgment, and had served imprisonment thereunder.

From the foregoing cases we think the following rule has been established: If the sentence has been entered in the minutes of the court, or if the defendant has begun serving said sentence or has been restrained by the sentence imposed, then the court is without jurisdiction to vacate, add to, or in any manner modify the sentence originally pronounced. On the other hand, if the sentence pronounced has not been en-

tered by the clerk in his minutes, and no legal restraint has been imposed upon the defendant by reason of said sentence, then it is proper for the court to change the sentence originally pronounced.

The question may arise in some cases as to the time in which the clerk must act in entering the sentence or judgment in the minutes of the court. That he should do so in a reasonable time after its pronouncement, we think is obvious. What is a reasonable time may depend upon the circumstances of each particular case. Usually the practice of the courts of this state is for the clerk to make up his minutes following the adjournment of the court for the day. It is not necessary for us to pass upon the question as to what is a reasonable time for the clerk to perform this duty as we are satisfied that in this case when the two acts of the court occurred on the same day, no duty was imposed upon its clerk to enter the first sentence of the court before adjournment of the court for that day.

For the reason hereinbefore stated, the order denying appellant's motion to vacate the alternative provision of the sentence is affirmed.

Shenk, J., Carter, J., and Gibson, J., concurred.