[Civ. No. 17598. Second Dist., Div. One. Mar. 27, 1950.]

JACK R. STEIN et al., Respondents, v. RUSSELL BROWN SIMPSON, Appellant.

Joseph D. Taylor for Appellant.

Cobb & Utley for Respondents.

DRAPEAU, J.—Motion to dismiss appeal from an order made after judgment. The proceedings necessary to understand the situation are as follows:

August 16, 1949—Judgment for plaintiffs, quieting title to the real property involved in the action, on condition that plaintiffs pay defendant $11,531.02.

October 13, 1949—Motions for new trial and for entry of new and different judgment denied.

October 24, 1949—Order directing the Clerk to accept $11,-531.02 and to deliver said sum to defendant Simpson upon securing a satisfaction of judgment from defendant Simpson without prejudice to the rights of plaintiffs to petition the Court for withdrawal of said funds on or after November 15, 1949. This money was tendered to defendant on condition that he execute and deliver a satisfaction of judgment, which tender was refused.

November 9, 1949—Defendant's motion to amend the order of October 24th denied. The amendment sought was to strike out the direction for a satisfaction of judgment in the order of October 24th.

November 10, 1949—Notices of appeal filed: (1) from the order of November 9, 1949; (2) from the judgment of August 16, 1949.

Admittedly the appeal from the judgment is good—and will be heard in due time—at least good so far.

The practical situation is that plaintiffs have their money tied up in the clerk's office. The action being to quiet title,

they neither get clear title to the property involved nor the use of their money. This situation may be taken care of by this court after a hearing.

Subsection 2 of section 963, Code of Civil Procedure, provides that special orders after final judgment are appealable. (*Lande* v. *Southern Cal. Freight Lines,* 78 Cal.App.2d 417 [177 P.2d 936].)

But the moving party asserts:

(a) That the judgment is not final, within the meaning of the code section, because it was made while there still was a right of appeal, which right of appeal was subsequently exercised, and

(b) There is still no final judgment, because the appeal was perfected November 10, 1949, and that automatically stayed all proceedings, so that there can be no final judgment until the appeal is finally decided or dismissed.

(c) That, anyhow, the order did not affect the judgment; it was simply a denial of a motion to amend an order already made and not appealed from.

The words "final judgment" in subsection 2 of section 963, Code of Civil Procedure, have been construed to mean final judgment in the superior court, and not after termination of an appeal. (*Fairbanks* v. *Lampkin,* 99 Cal. 429 [34 P. 101]; *Southern Cal. Ry. Co.* v. *Superior Court,* 127 Cal. 417 [59 P. 789]; *Hughes* v. *Chung Sun Tung Co.,* 28 Cal.App. 371 [154 P. 299, 301]; *Lande* v. *Southern Cal. Freight Lines, supra; Cuneo* v. *Cuneo,* 40 Cal.App. 564 [181 P. 229].)

It is therefore clear that the words "final judgment" as used in the code section mean judgment in the superior court. This conclusion disposes of all but the final contention of the moving party.

That is that the order was only a denial of a motion to amend an order theretofore made and not appealed from and therefore is not an appealable order. This contention is also untenable, for the reason that it is the evident purpose of the code section to afford a review of such orders as may be made after judgment.

The motion to dismiss the appeal is denied and the motion for an order directing the return of deposit in court to respondents is set for hearing for the next calendar date, notice to be given to the opposite side.

White, P. J., and Doran, J., concurred.