[Civ. No. 21670. Second Dist., Div. Two. Oct. 24, 1956.]

LOU MILLER, Plaintiff and Respondent, v. JACK R. STEIN et al., Appellants; RUSSELL BROWN SIMPSON et al., Defendants and Respondents.

B. W. Kemper for Appellants.

No appearance for Respondents.

Max Tendler, as Amicus Curiae on behalf of certain Respondents.

FOX, J.—This is an appeal from an order vacating a prior order granting leave to defendants Jack R. Stein and his wife (hereinafter designated the Steins) to file a supplemental cross-complaint. It is another chapter in the meandering judicial odyssey of this voluminous litigation.[1] Only the proceedings germane to the determination of this appeal will be delineated.

The first pleading in the instant action was filed November 19, 1951, by one Lou Miller, who sought declaratory relief and a judgment quieting his title to certain real property regarding which a controversy existed. Among the defendants named were the Steins, David Welts, R. B. Simpson, and the Realty Title Company, Ltd. The Steins filed an answer to the Miller complaint,[2] but no cross-complaint.

■ On August 16, 1955, the court, by minute order[3] denied a motion by the Steins to file a ''supplemental cross-complaint.'' [The designation of such document as a ''supplemental cross-complaint'' is an obvious misnomer. The Steins had filed no cross-complaint at the time they answered. The pleading must be regarded as a belated cross-complaint which may be filed only by permission of court. (*Gallo* v. *Boyle Mfg. Co.*, 30 Cal.App.2d 653, 655-656 [86 P.2d 1067].)] On September 22, 1955, the Steins filed a notice of motion under section 473, Code of Civil Procedure, accompanied by supporting affidavits, to vacate the minute order of August 16, 1955, and requesting leave to file the proposed ''supplemental cross-complaint'' attached thereto. This pleading was for declaratory relief, injunctive relief and damages, named among the cross-defendants Simpson, Miller, Realty Title Company, Ltd., and Cruce, and sought to bring in as new parties defendants Jack McElhose and Max Tendler. No counteraffidavits were filed in opposition.

On September 28, 1955, the Steins' motion to vacate the

[1] There has been appellate review of companion cases and incidental proceedings in *Stein* v. *Simpson*, 96 Cal.App.2d 642 [216 P.2d 117]; *Stein* v. *Simpson*, 37 Cal.2d 79 [230 P.2d 816]; *Stein* v. *Simpson*, 116 Cal.App.2d 559 [253 P.2d 1026]. Another offshoot of this litigation is pending in Division One of this court sub. nom. *Cruce* v. *Stein*, No. 21480. [See 146 Cal.App.2d —— [304 P.2d 118].]

[2] On October 2, 1952, defendants Simpson and Welts filed their answers to the Miller complaint, together with a cross-complaint in which the Steins, among others, were named as cross-defendants. It was not until July 11, 1955, that the Steins were served with this cross-complaint. On July 18, 1955, the Steins filed an answer thereto, but no cross-complaint.

[3] No record of the proceedings of August 16 appear in the clerk's transcript.

minute order of August 16, 1955, and for leave to file their proposed cross-pleading was heard by Judge McCoy. After hearing the motion, Judge McCoy granted the motion. This order was not then entered in the official minutes, and obviously constituted an oral pronouncement by the court. Some time later on the same day (September 28), the court, *sua sponte*, signed and filed a document entitled "Memorandum." This document reads in part:

"The order heretofore made this day granting the motion of Jack R. Stein and Bernice C. Stein to file a 'Supplemental Cross-Complaint for Declaratory Relief; Injunctive Relief and Damages' is vacated and set aside.

"The court has re-examined the proposed pleading to which the notice of motion refers. [Here follows a summary of reasons which the court regards as sufficient for a denial of the motion.]

"On reconsideration of the entire record, the court is satisfied that it would be an abuse of discretion to allow the proposed pleading as submitted to be filed.

"As stated above, the court's earlier order is vacated and set aside. The motion for leave to file the proposed 'Supplemental Cross-Complaint' is denied."

On September 30, 1955, a minute order dated September 28, 1955, was entered by the clerk describing the proceedings which took place on that day. That minute order, which describes the proceeding as a motion (1) to vacate and annul the minute order of August 16, 1955, and (2) for leave to file supplemental cross-complaint, reads: "Motion granted. Proposed pleading as filed to be considered served and filed as original as of this date.

"Later the court makes the following order:

"The Court's earlier order is vacated and set aside. The motion for leave to file the proposed 'Supplemental cross-complaint' is denied.

"Memorandum of Ruling filed this date.

"Counsel Notified."

The basic question presented is whether, upon its own motion and without notice, the court could make a second order vacating its prior oral order before the entry of the first order in the official minutes.

Section 1003 of the Code of Civil Procedure provides: "Every direction of a court, judge or justice, *made or entered in writing,* and not included in a judgment, is denominated an order." (Italics added.) Unless other-

wise required by statute, an order in writing becomes legally effective at the time it is signed and filed by the judge. (*Maxwell* v. *Perkins,* 116 Cal.App.2d 752, 756 [255 P.2d 10].)

Although there exists authority to the contrary, the rule has been developed in the most recent cases that an oral order of the court is subject to change prior to its written entry in the official minutes of the court. (*People* v. *McAllister,* 15 Cal.2d 519, 526 [102 P.2d 1072]; *Ex parte Monckros Von Vetsera,* 7 Cal.App. 136, 139 [93 P. 1036]; *Smith* v. *Ross,* 57 Cal.App. 191, 194 [207 P. 55]; *Engleman* v. *Green,* 125 Cal.App.2d Supp. 882, 884 [270 P.2d 127]. See, also, *Brownell* v. *Superior Court,* 157 Cal. 703, 708 [109 P. 91]; *Jablon* v. *Henneberger,* 33 Cal.2d 773, 775 [205 P.2d 1].)

In *Ex parte Monckros Von Vetsera, supra,* the petitioner was before the court on a writ of habeas corpus. On October 15 the judge announced in open court that the prisoner was illegally detained and ordered his discharge. This verbal order was not reduced to writing nor entered in the minutes. On October 17, the court, in the absence of the petitioner, made and signed a written order vacating the prior order. The petitioner asserted before the reviewing court that the order of October 15 was a final adjudication and that the court below lost jurisdiction to subsequently enter any different order. In rejecting the contention that the oral order of the court was irrevocable, the court stated (p. 138): "Until the judgment had been entered in the minutes of the court, or had been in some authentic manner reduced to writing, as by the judge signing a written order, it must be held that the judgment lay in the breast of the judge, and that the court had plenary power thereover."

In *People* v. *McAllister,* 15 Cal.2d 519 [102 P.2d 1072], the Supreme Court reaffirmed this rule, and quoted as follows from the case last cited: "In the case at bar the order relied on by petitioner for his discharge never having been entered in the minutes of the court, was subject to be vacated and revised by the court, and having been thus vacated affords no warrant for his release from the imprisonment. . . ." (P. 525.) In the McAllister case, the court sentenced defendant to pay a fine in its morning session. Later that day, the judge ordered defendant to return, and revised his order by pronouncing the alternative sentence of time in jail upon failure to pay the fine levied. In uphold the court's action, the Supreme Court stated that, "if the sentence pronounced

has not been entered by the clerk in the minutes . . . then it is proper for the court to change the sentence originally pronounced.'' (Pp. 526-527.) At page 527, the court, in pointing out that the clerk must enter his minutes within a reasonable time after orders are made, observed: "It is not necessary for us to pass upon the question as to what is a reasonable time for the clerk to perform this duty as we are satisfied that in this case when the two acts of the court occurred on the same day, no duty was imposed upon its clerk to enter the first sentence of the court before adjournment of the court for that day."

■ Adopting these principles as controlling authority and expressive of a salutary procedural rule, it is plain that the trial court possessed the jurisdiction to vacate its earlier order. Adverting to the record, we find that the original order made on September 28 was unwritten and not as yet entered in the official minutes of the court. It was, in the language of the cases, still "in the breast of the court" and subject to his plenary control. (*Ex parte Monckros Von Vetsera, supra*; *Smith* v. *Ross,* 57 Cal.App. 191, 193 [207 P. 55]; *People* v. *McAllister, supra*; *Engleman* v. *Green,* 125 Cal.App.2d Supp. 882, 884 [270 P.2d 127].) On the very same day, the court superseded what was still an oral pronouncement by a signed written order which was filed September 28. When the written order was signed and filed, it immediately became effective as the formal order of the court. (*Badella* v. *Miller,* 44 Cal.2d 81, 84-85 [279 P.2d 729].) Nothing further was required to give vitality to the second order, its subsequent entry in the minutes serving merely to fix the running of time for appeal. (Code Civ. Proc., § 1003; *Badella* v. *Miller, supra*; *Maxwell* v. *Perkins,* 116 Cal.App.2d 752, 757 [255 P.2d 10].) We must conclude, therefore, that when the court made and filed its written order it still retained jurisdiction because its earlier order had not been entered in the official minutes and was subject to change. Such a rule, which permits an oral decision to be changed by the judge upon more extended reflection at any time before it has been regularly entered in the court's official minutes, seems one best calculated to promote the more efficient discharge of the judicial process.

■ Turning now to the posture of the case before us, it appears that the appeal has been taken from an order denying a motion to file a belated cross-complaint and refusing to vacate

a prior order denying a similar motion. An appeal does not lie from such an order, these questions being reviewable only upon appeal after a final judgment or its equivalent. (Code Civ. Proc., § 963; *Marx* v. *McKinney*, 23 Cal.2d 439, 444 [144 P.2d 353]; *Litvinuk* v. *Litvinuk*, 27 Cal.2d 38, 43-44 [162 P.2d 8]. See *Sjoberg* v. *Hastorf*, 33 Cal.2d 116, 118 [199 P.2d 668].) The fact that the cross-complaint sought to bring in Tendler and McElhose as new cross-defendants does not make the order appealable since, leave to file said pleading having been denied, they never became parties to the action, and the order adjudicated nothing as between the Steins and Tendler and McElhose. (*Evans* v. *Dabney*, 37 Cal.2d 758, 759 [235 P.2d 604]; *Kennedy* v. *Owen*, 85 Cal.App.2d 517, 520 [193 P.2d 141].) Since we have before us only an attempted appeal from a nonappealable order, which of itself makes no final disposition of any issues affecting the Steins, the correctness of the order can properly be determined only upon appeal from the final judgment.

For the foregoing reasons, the purported appeal is dismissed.

Moore, P. J., and Ashburn, J., concurred.