238

[Crim. No. 2807.   Third Dist.   Nov. 14, 1957.]

In re MARTIN L. CARKEEK, on Habeas Corpus.

Martin L. Carkeek, in pro. per., for Petitioner.

Edmund G. Brown, Attorney General, and Doris H. Maier, Deputy Attorney General, for Respondent.

SCHOTTKY, J.—Petitioner Martin L. Carkeek filed in this court a petition for a writ of habeas corpus praying that the adjudication that he was an habitual criminal be set aside and also that it be ordered that he has fully served the time required by law on the second degree burglary charge.

The record shows that on November 9, 1938, the superior court of the county of Tuolumne entered, after petitioner entered a plea of guilty to the charge and admitted two prior felony convictions, a judgment against petitioner of burglary in the second degree with two prior convictions and adjudged

him to be an habitual criminal. Petitioner was sentenced to prison for the term prescribed by law. Petitioner claims that one of the prior felony convictions on which the 1938 adjudication that he was an habitual criminal was based has since been set aside and he is therefore entitled to a determination that that portion of the judgment adjudicating him to be an habitual criminal is excessive and void.

One of the prior convictions admitted in the 1938 adjudication was for grand larceny for which petitioner served a term in the state prison at McAllister, Oklahoma. The other was for burglary for which petitioner served a sentence in the state prison at Pendleton, Indiana. In May, 1957, petitioner sought a writ of error *coram nobis* to the Wabash County Indiana Circuit Court challenging his conviction by that court for the crime of burglary. The writ was granted and petitioner was granted a new trial on the burglary charge. On August 16, 1957, the case against petitioner was dismissed.

Habeas corpus is the proper remedy to determine whether or not the petitioner is being held under an excessive sentence and therefore to that extent is illegally restrained of his liberty. (*In re Seeley*, 29 Cal.2d 294 [176 P.2d 24].)

The question presented is, what is the effect of an adjudication as an habitual criminal when, after that adjudication is made, one of the prior convictions on which it was based is set aside? The precise question has never been determined by the courts of this state. However, in *People ex rel. Sloane* v. *Lawes*, 255 N.Y. 112 [174 N.E. 80], the defendant was convicted of the crime of feloniously possessing metal knuckles and sentenced to a term of seven years. By statute in New York a person who possessed metal knuckles was guilty of a felony only if he had previously been convicted of a felony; if not, the crime was only a misdemeanor. The defendant was charged with having been convicted of grand larceny in the first degree in March, 1927, and sentenced to prison for the crime. In 1929 the grand larceny conviction was set aside and a new trial ordered which resulted in a verdict of not guilty. The defendant, however, was returned to Sing Sing to continue serving his term of imprisonment for feloniously possessing metal knuckles. He then applied to the court which convicted him to vacate its judgment or for a new trial, which was denied. Relief was then sought in the appellate courts. The New York Court of Appeals granted a writ of mandate ordering the county court to resentence the defendant. The court said, at page 81:

" . . . When the County Court set aside the conviction for larceny and granted the defendant a new trial, the conviction was at an end for all purposes. The defendant was properly convicted of possessing metal knuckles, but the question at the outset was whether the crime was a misdemeanor or a felony. For the misdemeanor the prisoner could have been sentenced to the county jail, penitentiary, or state prison for not longer than one year. . . . He has been sentenced for seven years upon the assumption that he had previously been convicted of the crime of grand larceny. In the eyes of the law this was not the fact. It is true that at the time of sentence there was a record of such a conviction, but it has been wiped out, and the law has declared that such conviction did not exist. . . . A reversal on appeal or the granting of a new trial or an acquittal thereafter is the same as if no conviction had ever existed. The law deals with realities and not fictions; it punishes men for what they have done, not for formal entries or paper records not true in fact. It is abhorrent to our sense of justice to think of this defendant being confined for seven years because of a previous crime of which he was not guilty according to the verdict of a jury and a judgment of the court. He has been sentenced as a second offender when he was only a first offender. Sections 1941, 1942, and 1943 of the Penal Law provide that where a person has been convicted of a felony, his sentence must be increased, if he has been theretofore convicted. These sections, however, only apply to felonies, not misdemeanors. Sloane's conviction here for a felony depended not upon these sections, but upon the peculiar wording to section 1897 which, as heretofore stated, makes the crime of carrying metal knuckles a misdemeanor, unless the defendant has previously been convicted of crime.

"The fact is, therefore, that the defendant has served in prison all the time which the law gives him for the crime he actually committed; he was convicted of carrying metal knuckles as a misdemeanor, there being no previous conviction. This is the way the matter stands at law. It is no answer to say that at the time the county judge sentenced him there was a previous conviction of record; that has been wiped out, and all the statute law provides for his punishment is at most one year in prison or a fine of $500, or both.

"The official public records of the County Court of Westchester County show these facts—the judgment of that court resting upon the previous conviction is contrary to its own

records, showing an acquittal. On such incontrovertible record evidence the courts should act.''

We agree with the reasoning and conclusion of the New York Court of Appeals in the cited case and believe that the rule there stated is applicable here. Petitioner was adjudged an habitual criminal on the assumption that he was convicted and had served two prior felony convictions. The record now shows that one of those convictions was set aside. The law has declared that such conviction did not exist. Under such circumstances he may not now be held as an habitual criminal under the 1938 adjudication.

It therefore follows that petitioner is entitled to have his sentence corrected to eliminate the adjudication of habitual criminality, and to be accorded the rights of one not so adjudged; and it is so ordered.

However, petitioner is not entitled to his release even though he has served the maximum sentence for burglary in the second degree on the 1938 conviction. Petitioner was convicted of burglary in the second degree by the Superior Court of San Joaquin County in November, 1953, and he has not served the maximum time permitted under this conviction.

The order to show cause heretofore issued by this court is discharged. The petition for a writ of habeas corpus is denied.

Van Dyke, P. J., and Peek, J., concurred.