[Crim. No. 2812.    Third Dist.    May 27, 1958.]

In re DARRELL L. GRAHAM, on Habeas Corpus.

Michael Jarboe and Louis A. Boli III, for Petitioner.

Edmund G. Brown, Attorney General, Doris H. Maier and J. M. Sanderson, Deputy Attorneys General, for Respondent.

SCHOTTKY, J.—Petitioner, Darrell L. Graham, seeks a writ of habeas corpus for the purpose of having this court determine whether a judgment entered against him on April 9, 1951, is void.  By the judgment petitioner was sentenced to prison for the term prescribed by law on two counts of armed robbery.  The counts were ordered to run consecutively.

Petitioner was charged by information with two counts of robbery.  He entered a plea of guilty as to the two counts and the trial court found that he was armed with a deadly weapon at the time of the commission of the offenses.  Judgment was entered on April 2, 1951.  It provided that the counts were to run concurrently.  The judgment was entered in Judgment Book Number 86 at page 370, on April 2, 1951, of the Santa Monica Department of the Los Angeles Superior Court.  Peti-

tioner was remanded to the custody of the sheriff to be delivered by him to the Director of Corrections at San Quentin. On April 9, 1951, and while he was still in the sheriff's custody, petitioner was brought before the superior court for resentencing. The judgment entered on April 2, 1951, was set aside, sentence reimposed on the two counts of armed robbery, but this time the terms were ordered to run consecutively.

The attorney general concedes that petitioner is entitled to relief. The court had no power to set aside the judgment entered April 2, 1951. The rule is: "If the sentence has been entered in the minutes of the court, or if the defendant . . . has been restrained by the sentence imposed, then the court is without jurisdiction to vacate, add to, or in any manner modify the sentence originally pronounced." (*People* v. *McAllister*, 15 Cal.2d 519 [102 P.2d 1072].) The exhibits provided by the attorney general show that the sentence was entered in the minutes of the court, and also that restraint under the sentence had begun, so the rule of the McAllister case is applicable.

Under the circumstances, as shown by the record in the instant case, when the court had sentenced petitioner and ordered in said judgment that the terms of the two counts should run concurrently, its orders having been entered in the court minutes and restraint thereunder having begun, the court could not thereafter set said judgment aside and order that the terms run consecutively. The later proceedings were void as beyond the jurisdiction of the court, and petitioner was confined, and is still confined, under the first sentence.

It follows that petitioner is entitled to have the prison record changed to show his detention is under the sentence pronounced April 2, 1951, whereunder the terms will run concurrently instead of consecutively. It is so ordered.

Petitioner in a supplementary petition for habeas corpus concedes that he is lawfully imprisoned under the judgment of April 2, 1951, and states that he is not seeking relief from confinement but only from the purported judgment of April 9, 1951, which orders that the two terms run consecutively. The correction of the prison record will afford petitioner all of the relief to which he is entitled. (See *In re Carkeek*, 155 Cal.App.2d 238 [317 P.2d 1015].)

The order to show cause heretofore issued is discharged. The petition for a writ of habeas corpus is denied.

Van Dyke, P. J., and Peek, J., concurred.