[Civ. No. 8085. First Appellate District, Division One.—January 9, 1932.]

CHARLES J. BLUMENTHAL, etc., Respondent, v. MARYLAND CASUALTY COMPANY (a Corporation), Appellant.

John Ralph Wilson for Appellant.

Arthur H. Barendt for Respondent.

THE COURT.—On July 3, 1925, one Julia Powers commenced an action against plaintiff Blumenthal and others to recover certain shares of the capital stock of the Pacific Diesel Engine Company, a corporation. It was alleged that she had been fraudulently deprived of the stock and that the same had passed into the hands of Blumenthal as a purchaser. On July 3, 1925, a restraining order was issued, enjoining Blumenthal and the other defendants from selling, transferring, disposing of or otherwise dealing in the stock, and later upon the petition of the corporation—which was made a defendant in the action, but which disclaimed all interest in the stock—an order was made, permitting it to deposit the stock, evidenced by its certificate, with the clerk of the court to await the determination of the conflicting claims of defendant Blumenthal and the remaining defendants thereto. Upon the issuance of the restraining order a bond for $500, executed by the Maryland Casualty Company, the defendant in the present action, was filed. This undertaking was later superseded by another, executed by the same surety, in the sum of $1,000, which provided that the surety would pay to the parties enjoined such damages, not exceeding $1,000, as they might sustain by reason of the injunction if the court finally decided that plaintiff Powers was not entitled thereto.

In his answer to the complaint Blumenthal alleged in substance that certificates for the stock, duly indorsed in blank by Mrs. Powers, were purchased by him in due course

of business for value and without notice of the alleged fraud. He further alleged in a cross-complaint that he presented the certificates to the corporation for transfer, but that the latter at the request of the plaintiff did, wholly without right, retain possession thereof, and thereafter, as above stated, deposited the same with the clerk of the court; that as a result he had suffered damage in the sum of $1,049.96, the value of the shares, for which amount or the return thereof he prayed judgment against Mrs. Powers.

The court found the above allegations of Blumenthal's answer to be true, but made no findings upon the allegations of his cross-complaint. Notwithstanding its findings the trial court entered judgment in favor of Mrs. Powers against Blumenthal, and the injunction was made permanent. From this judgment the latter appealed, and the Supreme Court in *Powers* v. *Pacific Diesel Engine Co. et al.,* No. 12322 (206 Cal. 334 [73 A. L. R. 1398, 274 Pac. 512]), reversed the judgment, holding that upon the findings Blumenthal was an innocent purchaser for value, and that judgment should have been entered in his favor.

Following the reversal of the judgment a further hearing was had in the superior court, and a second judgment was entered, adjudging that plaintiff Powers take nothing as against Blumenthal, and that the stock certificates be delivered to him by the clerk of the court; further that "defendant Charles J. Blumenthal do not recover anything from plaintiff and respondent under and by virtue of his cross-complaint in this action". Later the judgment was amended to provide that the restraining order be dissolved. No appeal was taken from this judgment, which recites that findings of fact were waived.

On April 23, 1930, the present action was commenced by Blumenthal as plaintiff against the surety company on the injunction bond. The complaint alleges the foregoing facts in substance, and further that the stock, at the time the restraining order issued, was of the value of $1,049.60 and but for the restraining order would have been sold for that amount; and that during the pendency of the action the same became worthless, to his damage in the above sum. A demand was also alleged and a judgment in the amount of the undertaking was asked.

The surety company pleaded as a special defense to the action the judgment mentioned, alleging that the same was in effect an adjudication of plaintiff's claim and conclusive in the present case.

The court found in accordance with plaintiff's complaint and against the above defense, and judgment was entered accordingly.

Upon this appeal the only question is whether the final judgment entered in the action against Blumenthal had the effect claimed by the surety company.

The cross-complaint mentioned alleged in substance that on or about June 10, 1925, when Blumenthal presented the certificates to the Pacific Diesel Engine Company and demanded that they be transferred, the corporation, at the request of Mrs. Powers, retained possession thereof and refused to return the same, and subsequently obtained the order mentioned permitting the certificates to be deposited in court.

It appears from the above pleading taken in connection with the date of the restraining order that the cause of action was based upon the alleged act of Mrs. Powers in inducing the corporation to withhold possession of the stock, and had no connection with the issuance of the restraining order.

It is the rule that a former judgment concludes the parties to the action and their privies in all subsequent actions upon the same claim or demand not only as to all matters actually decided in the former action but as to all matters belonging to the subject of the controversy and properly within the scope of the issues which might have been raised and determined (15 Cal. Jur., Judgments, sec. 189, p. 136; *Southern Pac. Co.* v. *Edmunds,* 168 Cal. 415 [143 Pac. 597]). In an action upon a different claim or demand, however, the former judgment is only conclusive as to such issues or matters as were essential to or shown to have been involved in the judgment rendered (34 Cor. Jur., Judgments, secs. 1156, 1322, pp. 745, 911; *Lillis* v. *Emigrant Ditch Co.,* 95 Cal. 553 [30 Pac. 1108]; *Freeman* v. *Barnum,* 131 Cal. 386 [82 Am. St. Rep. 355, 63 Pac. 697]; *Horton* v. *Goodenough,* 184 Cal. 451 [16 A. L. R. 611, 194 Pac. 34]). But if upon the face of the record anything is left to conjecture as to what was neces-

sarily involved and decided there is no estoppel (*Russell* v. *Place*, 94 U. S. 606 [24 L. Ed. 214]; *People* v. *Bailey*, 30 Cal. App. 589 [158 Pac. 1036]; Freeman on Judgments, sec. 258); and in the absence of findings only those issues are deemed to have been adjudicated which were actually included in the judgment or necessary thereto (Code Civ. Proc., sec. 1911; *In re Li Po Tai*, 108 Cal. 484 [41 Pac. 486]; *Beronio* v. *Ventura etc. Co.*, 129 Cal. 232 [79 Am. St. Rep. 118, 61 Pac. 958]; *Gardella* v. *County of Amador*, 164 Cal. 555, 560 [129 Pac. 993]; *McDuff* v. *McDuff*, 45 Cal. App. 53 [187 Pac. 37]). As stated, no claim for damages by reason of the issuance of the restraining order was made in the cross-complaint, nor would its issuance alone have constituted a cause of action against Mrs. Powers (*Robinson* v. *Kellum*, 6 Cal. 399; *Lacey* v. *Beaudry*, 53 Cal. 693; *Asevado* v. *Orr*, 100 Cal. 293 [34 Pac. 777]).

At the second trial it was determined that Blumenthal was the owner of the stock, and consequently the only matter essential to the decision that he take nothing by reason of his cross-complaint was that he was not damaged by the acts of Mrs. Powers as alleged and the doing of which acts she admitted. While it may be argued that her acts and the fact that the stock was placed in the court's custody and not the issuance of the restraining order caused the damage alleged, yet it appears that the restraining order was issued nearly three weeks before the order permitting the stock to be deposited in court was made, and we cannot say that had Blumenthal not been restrained he could not in the meantime have disposed of his interest therein. The court in the present action so found in effect, and we see no reason for disturbing its finding.

We are also satisfied that its implied finding that plaintiff was not estopped by the judgment entered in the former action is correct.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 8, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 7, 1932.