[Civ. No. 10754. Second Appellate District, Division Two.—May 27, 1936.]

B. F. CALDWELL et al., Respondents, v. EARL L. SCHROCK et al., as Executors, etc., Appellants.

Paul Barksdale D'Orr and Thomas A. Reynolds for Appellants.

William B. Beirne for Respondents.

GOULD, J., *pro tem.*—From the testimony in this case it appears that plaintiffs acquired a ten-acre orange grove with ten shares of water stock, giving to Mrs. Nora A. Hinman as part of the purchase price their promissory note for $14,500 secured by mortgage upon the real property, including buildings, "water rights" and other appurtenances. They also pledged her the water stock; and at the time it was understood and agreed between plaintiffs and their vendor that such water stock should at all times be regarded as part of the real property covered by the mortgage, and in case of foreclosure of the mortgage to be sold with the land. Mrs. Hinman pledged the $14,500 mortgage and water stock to D. F.

Schrock as security for her note to him in the sum of $6,500, and he took the same with full knowledge of the agreement between Mrs. Hinman and plaintiffs. At a later date, however, when proceedings for foreclosure of the $14,500 mortgage were pending, Schrock intervened in the action to protect his $6,500 interest, induced plaintiffs to assign the water stock to him, so fraudulently manipulated the deal that he secretly sold at pledgee's sale the stock for the nominal value of $50, dissuaded prospective purchasers at the mortgage foreclosure sale by telling them that the land was without water stock, and so was enabled to bid in the property for himself at $7,867.42, when as a matter of fact it was worth $16,434.77.

Upon substantial evidence the trial court found all these facts to be true and gave judgment for plaintiffs in the sum of $8,567.35, being the difference between the real value of the mortgaged property and the price realized at foreclosure sale. D. F. Schrock having died in the progress of the litigation, the judgment ran against the executors of his estate, who prosecute this appeal.

 Appellants assert that the very matters forming the basis of this action were litigated and determined in the mortgage foreclosure suit, and that such matters became *res judicata* by the judgment of foreclosure. Because respondents did not interpose as a defense in the foreclosure suit the matters pleaded as the basis of the cause of action herein, it is argued that they are now estopped and barred from asserting them. In the foreclosure action respondents (defendants therein) defaulted. But in that suit the only issues tendered were those customarily incident to a mortgage foreclosure. It involved the land only and not the water stock. That action was determinative and conclusive only as to the issues or matters "essential to or shown to have been involved" therein. (*Blumenthal* v. *Maryland Casualty Co.*, 119 Cal. App. 563 [6 Pac. (2d) 965].) The issues before the court in the instant case were not in any sense litigated in the prior foreclosure suit, and some of the matters alleged in this action which were an essential part thereof had not even transpired at the time of the former litigation. Under the circumstances the former judgment was not *res judicata* of the cause of action set forth in this complaint.

■ Nor do we perceive any force in appellants' point that the water stock was not a part of the land or appurtenant to it, and that therefore it could not be foreclosed with and as a part of the real property. This action is not predicated upon the contention that the water stock is appurtenant to the land, and the court made no finding to that effect. It is based upon an agreement that the mortgage and the pledged stock would be held together and sold together in event of foreclosure, and, as pointed out by respondents, foreclosure of both mortgage and pledge is possible in one action. (*First National Bank of Fresno* v. *Dusy*, 110 Cal. 69 [42 Pac. 476].)

■ That the court used the correct measure for estimating respondents' damages there can be no question. The full market value of the property was what the mortgagors were entitled to under the foreclosure sale; and that they did not receive such full value was due, the court found, to the fraudulent manipulations of appellants' testator. In a similar situation, an improper sale under a deed of trust, the Supreme Court in *Humboldt Savings Bank* v. *McCleverty*, 161 Cal. 285 [119 Pac. 82, 85], approved the doctrine that the parties at fault "must submit to such decree as will most fairly redress the injury which they have inflicted. If relief cannot be given without compelling the creditor to accept the property wrongfully purchased by him at its true value, he may be held to a purchase at such value."

Other points raised by appellants have to do with the sufficiency of the evidence to support certain findings. Without a detailed discussion of the various items it is sufficient to say that substantial evidence supports all the findings of the court.

Judgment affirmed.

Crail, P. J., and Wood, J., concurred.

A petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 23, 1936.