[Civ. No. 27809.   Second Dist., Div. One.   August 5, 1964.]

WILLIAM WHITNEY TALMAN, Plaintiff and Appellant, v. LYNNE CARTER TALMAN, Defendant and Respondent.

Crowley & Goffin and Arthur J. Crowley for Plaintiff and Appellant.

Brown & Altshuler, Leo Altshuler and James J. Brown for Defendant and Respondent.

LILLIE, J.—Defendant wife was granted an interlocutory decree of divorce on May 8, 1952; it incorporated *in haec verba* a property settlement agreement. The decree provided that plaintiff pay to defendant 16 per cent of his income (as that term was therein defined) for her support, and 8 per cent for child support. No minimum or maximum amounts were set up in either agreement or decree.

On November 4, 1960, plaintiff, on order to show cause, sought to modify the support provisions of the decree. On the day of the hearing (January 10, 1961) defendant filed a motion to dismiss the order to show cause on the ground the court "did not have jurisdiction to modify said orders of support since those orders were based upon an integrated property settlement agreement which is not subject to modification." Thus, on January 10, 1961, the court made the following order: "Supporting briefs and argument in support of the order to show cause re modification are presented by counsel in chambers, and plaintiff and cross-defendant's motion for modification is denied." No appeal was taken from this order and the same has long since become final.

More than two years later, on March 5, 1963, plaintiff again sought, by order to show cause, to modify the support provisions of the decree; thereafter defendant again filed her motion to dismiss on two grounds: (1) the order sought to be modified was based on an integrated property settlement agreement not subject to modification, and (2) the order of January 10, 1961, denying plaintiff's motion on the sole ground that the decree was based on an integrated agreement, was now res judicata on the issue. Supporting the motion was the declaration of Leo Altshuler, attorney for defendant, stating that on January 10, 1961, counsel had an extended period with the judge in his chambers in which he and counsel for plaintiff argued legal points on the question of jurisdiction; that after argument the judge advised them

that he had decided that the agreement was an integrated one not subject to modification, took the bench and dismissed the order to show cause; that while the minute order of January 10, 1961, used the word "denied" instead of "dismissed," he is not certain which word the judge orally used, but is certain that his "dismissal" or "denial" was based solely on jurisdictional grounds; and that the judge heard no evidence with reference to any change of circumstances. The factual allegations of this declaration remain uncontroverted for no answering affidavit or declaration was filed on plaintiff's behalf. On May 21, 1963, the order to show cause and motion to dismiss came on for hearing; on June 20, 1963, the judge signed and filed a formal order dismissing plaintiff's order to show cause on the ground the court did "not have the jurisdiction to modify said Orders since said Orders were based upon an integrated property settlement agreement which is not subject to modification" (a); and "[a] similar Order to Show Cause brought by plaintiff dated November 4, 1960, was *dismissed* by this Court *by Order dated January 10, 1961, on the sole ground that said agreement between the parties was an integrated agreement and not subject to modification,* that no appeal was taken by plaintiff from said Order and that said Order has become final and is now res adjudicata on this jurisdictional point." (Italics added.) From this order dismissing his order to show cause plaintiff appeals.

The question before us is whether the minute order of January 10, 1961, is res judicata on the issue of jurisdiction; if it is the second point raised herein by appellant —that the property settlement agreement incorporated in the decree is not an integrated agreement—has already been determined by the order of January 10, 1961, from which no appeal has been taken, and which is final.

In a situation such as in the case at bar, where the issue of an integrated agreement is raised on an order to show cause *re* modification in the trial court by way of a motion to dismiss, the court first determines whether the order sought to be modified incorporates an integrated property settlement agreement; if it decides that it does, the order cannot be modified and the matter is at an end. If the court determines that the support provision in the order constitutes an award of alimony based on an agreement, it is subject to modification and the hearing continues on the merits. In either case, such determination is subject to review

on appeal (Code Civ. Proc., § 963, subd. 2; *Evans* v. *Evans,* 173 Cal.App.2d 714 [343 P.2d 997]; *Crowley* v. *Superior Court,* 17 Cal.App.2d 52 [61 P.2d 372]; *Ebert* v. *Ebert,* 185 Cal.App.2d 293 [8 Cal.Rptr. 203]); and a final determination on the issue of the nature of the agreement is res judicata in future proceedings. (See *Hough* v. *Hough,* 26 Cal.2d 605 [160 P.2d 15], wherein the lower court determined the award to be alimony, and the order was modified.) Here, plaintiff did not appeal from the order of January 10, 1961, and the same is now final; thus, if in making the order the trial court determined that the decree incorporated an integrated nonmodifiable property settlement agreement, the determination is final and res judicata on the issue in further proceedings.

Appellant contends that the doctrine of res judicata can be applied in a subsequent action only when it is conclusive upon the face of the former order that similar issues were necessarily determined therein; it argues that it cannot here apply because the order of January 10, 1961, recites that the order to show cause was "denied," not dismissed, and that it does not reflect upon what ground the order was made. However, the cases he relies upon are not controlling in his favor, for they point up the rule that in order for res judicata to apply, "it must be made to appear, either upon the *face of the record or by extrinsic evidence,* that the identical questions involved in the issues to be tried were determined in the former action." (Italics added.) *Beronio* v. *Ventura Lbr. Co.,* 129 Cal. 232, 236 [61 P. 958, 79 Am.St. Rep. 118], cited with approval in *Stout* v. *Pearson,* 180 Cal. App.2d 211 [4 Cal.Rptr. 313], relied upon by appellant. The court in *Blumenthal* v. *Maryland Casualty Co.,* 119 Cal.App. 563 [6 P.2d 965], another case cited by appellant, also states that there is no estoppel if upon the "face of the record" anything is left to conjecture as to what was necessarily involved and decided; and *Rosenthal* v. *Rosenthal,* 197 Cal. App.2d 289 [17 Cal.Rptr. 186], held in accord with the general rule that "no adjudication operates as res judicata of an issue that plainly was not passed upon." Thus, if the record herein reveals that the issue of whether the property settlement agreement was an integrated agreement plainly was passed upon by the trial court in making its order of January 10, 1961, the adjudication operates as res judicata on that issue in any subsequent proceeding.

The trial judge, in holding that the doctrine of res

judicata applies, had before him his prior order (January 10, 1961) and the declaration of Leo Altshuler; but more important, having been the same judge who made the prior order, he had in mind his own considerations in connection therewith, his actual determination thereon and what he intended to accomplish by the order. (All of which is reflected in his order of June 20, 1963.) This, of course, was proper. In *Roraback* v. *Roraback,* 38 Cal.App.2d 592 [101 P.2d 772], in construing an order granting a partial new trial, the court referred to the reporter's transcript of both hearings to determine the trial court's intention in making the order; the court stated at page 596: "In construing orders they must always be considered in their entirety, and the same rules of interpretation will apply in ascertaining the meaning of a court's order as in ascertaining the meaning of any other writing. If the language of the order be in any degree uncertain, then reference may be had to the circumstances surrounding, and the court's intention in the making of the same." (See also *Cox* v. *Tyrone Power Enterprises,* 49 Cal. App.2d 383, 389 [121 P.2d 829], and *Bailey* v. *Superior Court,* 142 Cal.App.2d 47, 57 [297 P.2d 795].) In construing an order in *Western Greyhound Lines* v. *Superior Court,* 165 Cal.App.2d 216, 219 [331 P.2d 793], resort was had to the notice of motion. In *Cottom* v. *Bennett,* 214 Cal.App.2d 709 [29 Cal.Rptr. 715], the court said: "It is appropriately said in *Strohm* v. *Strohm,* 182 Cal.App.2d 53, 63 [5 Cal.Rptr. 884], that in interpreting the interlocutory decree of divorce ' "[t]he same rules apply in ascertaining the meaning of a court order or judgment as in ascertaining the meaning of any other writing. [Citing cases.] The rule with respect to orders and judgments is that the entire record may be examined to determine their scope and effect ... " ' and further this court ' ... may consider the opinion of the trial judge for the purpose of understanding and interpreting the judgment.' Or, as stated in *Freeman* v. *Donohoe,* 188 Cal. 170, 172 [204 P. 593], '[i]n determining the scope and effect of the judgment the entire judgment-roll may be looked to for the purpose of its interpretation.' " (P. 717.) See also *Gardner* v. *Rich Mfg. Co.,* 68 Cal.App.2d 725, 740 [158 P.2d 23].

■ One cannot review the record in this case, which includes the order to show cause *re* modification (November 4, 1960), motion to dismiss (January 10, 1961), minute order of January 10, 1961, order to show cause *re* modification (March

5, 1963), motion to dismiss (March 26, 1963), declaration of Leo Altshuler (March 26, 1963), minute order of May 21, 1963, and formal order of June 20, 1963, without concluding that the trial judge dismissed the first order to show cause on the *sole* ground that the property settlement agreement was an integrated one. On its face the minute order of January 10, 1961, reveals there was no hearing on the merits on the order to show cause, and that in chambers counsel presented only their briefs and legal argument; and, while it recites that the ''motion'' for modification was ''denied,'' it is clear from the written motion seeking dismissal on the sole ground ''that this Court does not have jurisdiction to modify said orders since said orders were based upon an integrated property settlement agreement which is not subject to modification,'' that the order of January 10, 1961, was based entirely on a determination of that issue. Corroborative of this conclusion are the declaration of Leo Altshuler, the allegations of which the trial judge had a right to accept as true (*DeWitt* v. *Glazier,* 149 Cal.App.2d 75 [307 P.2d 1031] ; *Clapp* v. *Kramer,* 162 Cal.App.2d 237 [328 P.2d 510]), and the judge's own statement in the June 20, 1963, order of what he, in fact, did at the time he made the order of January 10, 1961. Altshuler's declaration reflects (as the moving papers reveal) that the motion to dismiss the first order to show cause was made on the sole ground that the court ''did not have jurisdiction to modify the orders of support since those orders were based upon an integrated property settlement agreement which is not subject to modification''; that the hearing on the order to show cause and motion to dismiss was had in chambers and consisted only of argument on the legal issue of jurisdiction raised by the motion; that no evidence was taken and there was no hearing on the merits; that after the judge advised counsel that he had decided that the agreement was an integrated agreement not subject to modification, he made his order dismissing the order to show cause; and that thereafter a minute order dated January 10, 1961, was entered in which the ''motion'' for modification was ''denied.'' But any doubt that the judge really intended to, and did, dismiss the order to show cause, and concerning the basis of the dismissal is dispelled by the subsequent statement of the judge himself in the order from which this appeal is taken. He stated that a similar order to show cause ''was *dismissed* by this court by order dated January 10, 1961, on the *sole* ground that said agreement between the

parties was integrated and not subject to modification. ... ''
Thus, it is clear, that regardless of the use of the word
"denied" in the minute order of January 10, 1961, the
judge in fact dismissed the order to show cause at that time
solely on jurisdictional grounds.

Having held the doctrine of res judicata to be applicable,
the trial court did not err in its order of June 20, 1963, and
the issue of whether the property settlement agreement is an
integrated one has already been decided. The order de-
termining the issue having become final, it is not before this
court.

For the foregoing reasons the order is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court
was denied October 7, 1964.