[Civ. Nos. 28816, 28817. Second Dist., Div. Three   Sept. 14, 1966.]

WILLIAM WHITNEY TALMAN, Plaintiff and Appellant, v. LYNNE CARTER TALMAN, Defendant and Respondent.

(Consolidated Appeals.)

Crowley & Goffin, Arthur J. Crowley and George M. Goffin for Plaintiff and Appellant.

Brown & Altshuler, Leo Altshuler and James J. Brown for Defendant and Respondent.

FRAMPTON, J. pro tem.*—Consolidated appeals from orders made after final judgment in an action for divorce.

On May 8, 1952, an interlocutory decree of divorce was granted to the wife (respondent here) upon her cross-complaint. This decree has become a final judgment.

The interlocutory decree of divorce approved and incorpo-

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

rated, within its provisions, in *haec verba,* a property settlement agreement entered into between husband and wife under the date of May 1, 1952. This agreement has been adjudicated to be an integrated property settlement agreement and not subject to modification by order of court upon a showing of a change of circumstances. (*Talman* v. *Talman,* 229 Cal.App.2d 39 [39 Cal.Rptr. 863].)

The interlocutory decree of divorce which incorporates the provisions of the property settlement agreement pertinent to one of the issues raised upon appeal is set forth below :[1]

On March 27, 1961, the wife filed a notice of motion which in part sought an order to compel the husband to pay certain

---

[1]"10. *Separate Property of Husband.* The parties acknowledge that the Husband has in his possession or under his control the following bonds and securities and that the same are his sole and separate property, subject, however, to the rights of the Wife to receive a share of the income therefrom, or equivalent income, as hereinafter provided: . . .

"(b) Those certain shares of stock listed and described in Exhibit A annexed hereto, and which exhibit is hereby incorporated by this reference. The rights of the Wife to receive a percentage of the income therefrom, or equivalent income, for the support and maintenance of herself and said child, are set forth in paragraph 14 hereof. . . .

"14. A. *Support of Wife.* Husband shall pay to the Wife for the support and maintenance of the Wife sixteen per cent (16%) of Husband's income, as hereinafter defined. Said payments shall be made in installments as hereinafter provided and shall continue until the remarriage or death of the Wife, or the death of the Husband, whichever occurs first.

"B. *Support of Child.* Husband shall pay to the Wife for the support and maintenance of Lynda, the minor child of Husband and Wife, eight per cent (8%) of Husband's income, as hereinafter defined. Said payment shall be made in installments as hereinafter provided, and shall continue until said child attains the age of majority.

"C. *Definition of 'Husband's Income.'* The term 'Husband's income', as used herein, means and includes all income of the Husband of any and every kind whatsoever, from whatsoever sources derived, whether earned or unearned, and without deduction of any kind except that as to income from personal services there shall be deducted the Husband's actual expenses in connection with the production of said income from personal services to the extent to which such deduction is allowed for Federal income tax purposes, provided, however, that in no event shall there be deducted an amount which exceeds twenty per cent (20%) of the income from personal services. For the purpose of determining the Husband's income, as hereinabove defined, the right of any future spouse of the Husband to a community property interest in the Husband's income, or to have Husband's income split with such future spouse shall be disregarded. In the event that Husband should hereafter transfer or dispose of any of those certain shares of stock listed and described in EXHIBIT A annexed hereto, or any of the proceeds of the sale or exchange thereof, for less than adequate and full consideration in money or money's worth, or hereafter invest any of the proceeds of such sale or exchange of said stock other than for the sole purpose of producing income, then the income which the Husband would have received from said shares of stock listed and described in EXHIBIT A annexed hereto, had he continued to own them, shall be included in the income of the Husband."

additional amounts ''upon the ground that additional amounts of child support and alimony are due defendant under said Agreement and Interlocutory Judgment and that plaintiff refuses to pay therefore. [*sic*]'' The wife's motion was supported by the declaration of Leo Altshuler, one of her counsel, which contains in part the following:

''8. The court will also observe from a reading of the Settlement Agreement and Interlocutory Decree that Mr. Talman is required to pay to Mrs. Talman as alimony 16% of any dividends received by him and as child support 8% of any such dividends. At the time of the Settlement Agreement, Mr. Talman then owned and was possessed of certain stocks, all of which were listed in Exhibit A to said Agreement. Paragraph 14C of said Agreement and decree reads in part as follows:

'' In the event that Husband shall hereafter transfer or dispose of any of those certain shares of stock listed and described in Exhibit A annexed hereto, or any of the proceeds of the sale or exchange thereof for less than adequate or full consideration in money or money's worth, or hereafter invest any of the proceeds of such sale or exchange of said stock other than for the sole purpose of producing income then the income which the Husband would have received from said shares of stock listed and described in Exhibit A annexed hereto had he continued to own them, shall be included in the income of the Husband.'

''9. It is clear from a reading of this provision that the parties intended that the stocks owned by Mr. Talman were to be kept intact and that if Mr. Talman gave away any of these stocks, or sold any of them and failed to reinvest the proceeds in income-producing assets, that Mr. Talman would continue to be charged with payments of alimony and child support upon the dividends that would have been received by him had he not sold or disposed of them.

''10. The 1959 tax return of Mr. Talman furnished us reflects that he sold 100 shares of Hoskins Mfg. stock on April 16, 1959 and 40 shares of Southern California Edison stock on April 15, 1959. In the annual statement furnished us by Mr. Talman in 1960, no consideration was given to the dividends which would have been paid had these stocks been retained by Mr. Talman. For the remainder of 1959, the Hoskins Stock would have paid an additional $165.00 in dividends and the Edison stock would have paid an additional $52.00 in dividends. No suggestion has ever been made by Mr. Talman or any of his representatives that the proceeds from the sale of

these stocks were ever reinvested in income-producing assets. Under these circumstances, and in accordance with the interlocutory decree, Mrs. Talman is entitled to an additional $34.72 as alimony unpaid in 1959 and an additional $52.08 as alimony unpaid in 1960. In his letter to me dated February 15, 1961, Mr. Levin denied liability on the part of Mr. Talman for these amounts.

"11. While the amounts involved for 1959 are not large, Mr. Talman has testified that he also sold many more of his stocks in 1960 and it is necessary to establish the principle of his liability to avoid future problems on this subject when further annual statements are furnished."

After a hearing on the motion and on April 13, 1961, the court made the following order relating to that part of the motion seeking additional amounts for child support and alimony: "Plaintiff is ordered to pay to the defendant representing her 24% interest in dividends on shares of stock sold by the plaintiff in 1959 and 1960 the sum of $86.80, payable forthwith. Plaintiff is ordered to pay directly to counsel for defendant, Brown and Altshuler, the sum of $250 attorney's fees, payable forthwith."

No appeal was taken from this order and it has become final. The sum of $86.80 was paid by the husband to the wife. Thereafter the sum of $110.48 accrued as additional child support and alimony in the way of constructive dividends under the terms of paragraph 14 C of the property settlement agreement and this sum was paid by the husband without protest during the year 1961. For the calendar year 1961 there accrued as additional child support and alimony in the way of constructive dividends under the terms of paragraph 14 C of the property settlement agreement the sum of $173.74 which was likewise paid without protest during the year 1962.

On July 31, 1963, the wife made a demand upon the husband in the sum of $384.76 accrued for additional child support and alimony under the terms of paragraph 14 C of the property settlement agreement and which had accrued in the way of constructive dividends, during the calendar year of 1962.

On November 9, 1962, the husband, through his business manager, responded to the above demand claiming a deduction in the total sum of $371.02 made up of the amounts theretofore paid for additional child support and alimony from constructive dividends for the years 1958-59—$86.80; 1960—

$70.28 and 1961—$173.74, claiming that such sums had been paid in error.

On December 31, 1963, the wife filed a notice of motion for an order to compel the husband to pay the sum of $384.76 as additional child support and alimony, accrued in the way of constructive dividends under the terms of paragraph 14 C of the property settlement agreement. This motion was supported by the declaration of one of the wife's counsel which incorporated a summary showing the stocks originally listed in Exhibit A attached to the property settlement agreement and which had been subsequently sold by the husband and showing the amount of constructive dividends earned by such stocks since their sale. This summary supported the figure of $384.76 above shown.

On February 20, 1963, the wife had filed her notice of motion for the appointment of a receiver upon the grounds that such appointment was necessary and essential to secure the payments of alimony and child support required of the husband to be made under the interlocutory decree. An award of attorneys' fees was sought in connection with this motion. The declaration in support of the motion disclosed that the husband was in arrears in his payments for alimony and child support, at the time of the filing of the notice of motion, in the sum of $2,925.63. Hearing on this motion was continued from time to time until on May 21, 1963, a supplemental declaration in support of the motion was filed wherein it was alleged that as of that time the husband was in arrears in the sum of $5,647.76 in his payments due for alimony and child support and "As a result of the complete drought of payments, Mrs. Talman's financial situation has become critical and she has been required to borrow funds in order to maintain herself and her daughter."

The motion for the appointment of a receiver as well as other motions then pending were heard on May 21, 1963. At the conclusion of this hearing and on June 20, 1963, the court signed and filed its order disposing of all of the matters which had been heard on May 21, 1963,[2] except for the motion to

---

[2] "On May 21, 1963, the following Motions and Order to Show Cause came on for hearing in Department 8 of the above-entitled Court, the Honorable Roger Alton Pfaff, Judge Presiding.

"1. Plaintiff's Order to Show Cause Re Modification;
"2. Defendant's Motion for Appointment of Receiver;
"3. Defendant's Motion to Dismiss Order to Show Cause in re Modification.

"Plaintiff appeared in person and by and through his attorneys, Crowley, Ruderman and Goffin, by Arthur J. Crowley and George M. Gof-

appoint a receiver. No reporter's transcript of the oral proceedings which took place at the hearing on May 21, 1963, has been presented here.

The hearing on the order to show cause why a receiver should not be appointed and for attorneys' fees was continued from time to time until February 21, 1964, and was heard in conjunction with the wife's motion of December 31, 1963, for additional child support and alimony payments.

After the hearing on February 21, 1964, of the two foregoing motions the court pronounced its order as follows: "The motion of defendant for an order to require plaintiff to pay certain additional amounts due for alimony and child support is denied.

"Plaintiff is ordered to pay directly to counsel for defendant the sum of $500 attorney's fees, payable pursuant to stipulation, within 30 days.

"It appearing that the minute order of March 22, 1963 having been erroneously entitled, Plaintiff's Order to Show Cause re Modification of order of May 8, 1952 re support of child and alimony and said matter having been ordered off calendar, the minute order is corrected *nunc pro tunc* as of March 22, 1963 to read Motion of Defendant for appointment of Receiver and for attorney's fees are on various dates

fin, and defendant appeared in person and by and through her attorneys, Brown and Altshuler, by Leo Altshuler.

"Evidence, both oral and documentary, having been introduced, and the matter having been argued and submitted,

"It Is Hereby Ordered and Decreed That:

"1. Defendant's Motion to Dismiss the Order to Show Cause in re Modification is granted on the grounds that:
  (a) The Court does not have the jurisdiction to modify said Orders since said Orders were based upon an integrated property settlement agreement which is not subject to modification; and
  (b) A similar Order to Show Cause brought by plaintiff dated November 4, 1960 was dismissed by this Court by Order dated January 10, 1961 on the sole ground that said agreement between the parties was an integrated agreement and not subject to modification, that no appeal was taken by plaintiff from the said Order and that said Order has become final and is now res adjudicata on this jurisdictional point.

"2. Defendant's Motion for Appointment of Receiver and for Attorneys' Fees is continued to September 24, 1963 at 9:00 A.M. in said Court provided that should the plaintiff fail to commence making alimony and child support payments promptly under the Court's Order, the September 24 date will be vacated and the matter will be set down for immediate hearing within five days upon notice to counsel for plaintiff.

"Dated: June 20, 1963.

"                        PFAFF
          Judge of the Superior Court  CW"

continued to this date. Therefore, the Motion of Defendant for appointment of Receiver and for attorney's fees is ordered off calendar.''

This order was not entered upon the minutes of the court until February 25, 1964. On February 24, 1964, the trial judge having become convinced that he had committed error in denying the wife's motion for additional child support and alimony which had accrued by reason of constructive dividends under paragraph 14 C of the property settlement agreement, did, on his own motion, on February 24, 1964, make the following order: ''In this matter: Upon reviewing the entire file including the prior order of April 13, 1961 which was based upon the defendant's affidavits and the plaintiff's obligation pursuant to the provisions of Paragraph 14-C of the Interlocutory Decree, the court vacates and sets aside that portion of its order of February 21, 1964; to wit, the first paragraph thereof; and orders that the matter be continued to March 5, 1964 at 1:30 p.m. for further hearing on this issue only.''

This order was not entered upon the minutes of the court until February 26, 1964.

On March 2, 1964, the wife filed a notice of motion the substance of which was (1) to renew the motion filed December 31, 1963, (2) to vacate and set aside the first paragraph of the order pronounced on February 21, 1964 (entered upon February 25, 1964) pursuant to the provisions of section 473 of the Code of Civil Procedure, (3) to vacate and set aside the first paragraph of the order pronounced on February 21, 1964, (entered upon February 25, 1964) and to enter a new order consistent with the relief prayed for in the notice of motion filed on December 31, 1963, pursuant to the provisions of section 663 of the Code of Civil Procedure.

The motion of the wife for additional amounts sought as child support and alimony and her notice of motion filed on March 2, 1964, were continued to and heard on March 27, 1964. At the hearing on March 27, 1964, a written stipulation was filed bearing upon previous hearings and the amount of constructive dividends accrued upon the stock listed in Exhibit A to the property settlement agreement and sold prior to the end of the year 1962.[3]

---

[3]''THIS STIPULATION is entered into by and between parties through their respective counsel with reference to the following facts:

''A. On February 21, 1964, defendant's motion for an order to require plaintiff to pay certain additional amounts due for alimony and child

After the hearing the court made its order which was entered on March 31, 1964, as follows: "The court finds that there was due under Paragraph 14-C of the Agreement and the Interlocutory Decree the sum of $110.48 for 1960; the sum of $173.74 for 1961, and the sum of $263.60 for 1962. It is stipulated by and between the parties that the aforesaid sums for 1960 and 1961 have heretofore been paid to the defendant and that there now remains due and owing the sum of $263.60.

"Defendant's motion to reconsider is granted."

---

support was originally denied by Honorable Roger Alton Pfaff, Judge presiding.

"B. The minute order of February 21, 1964 was entered on February 25, 1964.

"C. Prior to the entry of said minute order and under date of February 24, 1964, Judge Pfaff on his own motion, vacated and set aside that portion of his order of February 21, 1964 relating to the denial of defendant's motion, to wit the first paragraph of said order and ordered that the matter be continued to March 5, 1964 at 1:30 P.M. for further hearing on said issue only.

"D. Thereafter, by notice of motion dated March 2, 1964 and originally scheduled for hearing for March 5, 1964, defendant petitioned for an order permitting renewal of defendant's original motion dated December 30, 1963 for an order requiring plaintiff to pay defendant certain additional amounts due for alimony and child support, and for reconsideration of said motion to vacate and set aside the first paragraph of the court order of February 21, 1964 and to grant defendant relief pursuant to Section 473 of the Code of Civil Procedure, and to vacate and set aside the first paragraph of the court order of February 21, 1964 pursuant to the provisions of Section 663 of the Code of Civil Procedure.

"E. Thereafter by stipulation all pending matters were continued for hearing to Friday, March 13, 1964 at 1:30 P.M. in Department 8, continued again to March 27.

"F. To avoid the necessity of any court appearance by plaintiff William Whitney Talman and his business manager and accountant, Paul N. Gilbert, the parties do now stipulate as follows:

"1. Plaintiff did sell all of the stocks listed in the moving papers of defendant in connection with defendant's notice of motion dated December 30, 1963. Said stocks were sold by plaintiff for the then market value through a registered broker. Said stocks were sold as reflected in said moving papers during 1959, 1960 and 1961.

"2. That said stocks which were sold would have earned and received the dividends reflected in said moving papers had said stocks been retained by Mr. Talman.

"3. Except for the sale of 330 shares of Shakespeare stock, Mr. Talman did not reinvest any of the proceeds from the sale of said stocks in other stocks or other income producing assets. With reference to the sale of said 330 shares of Shakespeare stock the funds therefrom were used to purchase other income producing stocks.

"4. If called to the stand, Mr. Talman would testify that he used the funds from the proceeds of the other stock for general living expenses, including some payments for alimony and child support and for payment of attorneys' fees to his counsel.

"5. If this court determines that defendant is entitled to be paid additional alimony and child support for constructive dividends as defined in Paragraph 14C of the Agreement and Interlocutory Decree, she will be

The appeal No. 28816 is from this order. The appeal No. 28817 is from that part of the order made on February 21, 1964, entered February 25, 1964, wherein the husband was ordered to pay to the wife's counsel the sum of $500 as attorneys' fees.

Under appeal 28816 the husband attacks the order relating to additional child support and alimony arising from constructive dividends upon three grounds as follows: ''1. The Trial Court had no jurisdiction to interpret the clear language of Paragraph 14C of the Interlocutory Judgment of Divorce so as to add additional provisions not provided for under said Judgment thereby modifying said Judgment, many years after said Judgment had become final.

''2. The Trial Court had no jurisdiction to vacate its previous order and set the Motion for further hearing.

''3. The granting of Respondent's Motion to Reconsider was improper.''

Under appeal 28817 the husband attacks the order granting attorneys' fees to the wife's attorneys upon the ground that ''1. There was no evidence of need presented on the part of Respondent for the attorneys' fees ordered by the Trial Court.''

The question of the court's interpretation of the property settlement agreement as it was incorporated in the interlocutory decree of divorce, and as it related to the right of the wife to receive a percentage of the dividends received by the husband upon capital stock which he held at the time of the execution of the property settlement agreement, or to receive constructive dividends upon such stocks in the event that some or all of it was sold by the husband and the proceeds

---

entitled to an order for the following additional amounts for the following years:

| | |
|---|---|
| ''1960 | $110.48 |
| ''1961 | $173.74 |
| ''1962 | $263.60 |
| ''Total | $547.82 |

''Dated: March 27, 1964

''BROWN AND ALTSHULER
By _____ Leo Altshuler _____
Attorneys for Defendant and
Cross-Complainant
''CROWLEY, RUDERMAN & GOFFIN
By _____ George M. Goffin _____
Attorneys for Plaintiff and
Cross-Defendant.
LA''

therefrom were not reinvested in income-producing property, was before the court when it made its order on April 13, 1961. The precise question was raised at the hearing on April 13, 1961, by the moving papers and the declaration in support thereof, whether the parties intended that the stocks owned by the husband were to be kept intact and that if the husband gave away any of these stocks or sold any of them and failed to reinvest the proceeds in income-producing assets then he would continue to be charged with payments of alimony and child support upon the dividends that would have been received by him had he not sold or disposed of them.

The court found in favor of the wife on this question and ordered the husband to pay to the wife the sum of $86.80 representing her percentage in constructive dividends on stocks disposed of by the husband subsequent to the entry of the interlocutory decree of divorce. No appeal was taken from this order and it has become a final judgment and is res adjudicata on the question of the meaning and the effect of the integrated property settlement agreement. (*Talman* v. *Talman*, 229 Cal.App.2d 39, 42-43 [39 Cal.Rptr. 863].)

The order entered on March 31, 1964, directing the husband to pay additional sums to the wife for child support and alimony arising from constructive dividends on stocks sold by the husband subsequent to the entry of the interlocutory decree, the proceeds of which had not been invested in income-producing property, was consistent with the court's interpretation of the property settlement agreement theretofore reached on April 13, 1961.

The husband next urges that the trial court had no jurisdiction to vacate its order pronounced on February 21, 1964, and set the wife's motion for additional amounts for child support and alimony down for further hearing.

As heretofore pointed out the order pronounced by the court on February 21, 1964, was not entered upon the minutes of the court until February 25, 1964. It was not legally effective until entered upon the minutes of the court and such order was subject to change by the court on its own motion, without notice, before it was entered upon the minutes. (*Miller* v. *Stein*, 145 Cal.App.2d 381, 383 et seq. [302 P.2d 403].) The court on February 24, 1964, pronounced its order vacating and setting aside the first paragraph of its order pronounced on February 21, 1964, and set the issues involved therein for further hearing on March 5, 1964. This latter order was entered on February 26, 1964. The order of

February 24, 1964, was tantamount to a direction by the judge to the clerk of the court not to enter on the minutes of the court the first paragraph of the order pronounced on February 21, 1964. The clerk's entry of this paragraph on the minutes of the court on February 25, 1964, was made in disregard of the court's direction and such entry therefore did not correctly portray the record as the court had directed it to speak. The clerk having entered an order contrary to the court's direction, the court of its own motion had the power to amend the order to conform to that which it had ordered to be made. (Code Civ. Proc., § 473; *City & County of San Francisco* v. *Brown,* 153 Cal. 644, 649 [96 P. 281]; *Davis* v. *Rudolph,* 80 Cal.App.2d 397 [181 P.2d 765]; *LaMar* v. *Superior Court,* 87 Cal.App.2d 126 [196 P.2d 98].)

The trial court having had the power to amend its order, pronounced on February 21, 1964, and having properly exercised such power, it also had the power to set for further hearing those matters left undetermined under the notice of motion filed on December 31, 1963.

The husband claims that there was no evidence of need on the part of the wife which was necessary to be shown in order to support the award of $500 attorneys' fees to the wife's attorneys. The record before us shows that there was a hearing on the motion for the appointment of a receiver, as well as other motions then pending, held on May 21, 1963. This motion sought an allowance of attorneys' fees to the wife's counsel for services rendered in enforcing the interlocutory judgment of divorce relating to alimony and child support and for "services rendered in connection with the instant proceedings." There was evidence both oral and documentary received at this hearing. As heretofore pointed out there has been no reporter's transcript of the oral proceedings had at this hearing filed with this court. The supplemental declaration of one of the wife's counsel contains sufficient facts upon which the court could base its finding of need. (*Armstrong* v. *Armstrong,* 81 Cal.App.2d 322, 327 [183 P.2d 905].) In addition to this the court had before it the file in the divorce action showing the history of the entire litigation. (*Ganann* v. *Ganann,* 109 Cal.App.2d 346, 349 [240 P.2d 722].)

The orders are affirmed.

Shinn, P. J., and Kaus, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 9, 1966.