[Civ. No. 24211.   First Dist., Div. Four.   Feb. 29, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. RESOLUTE INSURANCE COMPANY, Defendant and Appellant.

Marvin G. Weeks for Defendant and Appellant.

Harold W. Kennedy, County Counsel, and Martin E. Weekes, Deputy County Counsel, for Plaintiff and Respondent.

RATTIGAN, J.—This is an appeal from an order denying a motion to vacate a bail forfeiture.

On January 19, 1965,[1] Robert F. Tucker was charged by complaint with the crime of robbery, a felony. (Pen. Code, § 211.) Bail was duly fixed at $7,500, plus $750 penalty assessment. Appellant, a corporate surety, posted its bail bond in the required amount of $8,250 on February 19, and Tucker was released. Upon arraignment in the Los Angeles Superior Court, Tucker entered a plea of not guilty and the case was set for trial in department 104 of that court on April 2, a Friday. Tucker remained free on bail pending the trial.

On March 30, the Tuesday preceding the April 2 trial date by three days, the district attorney appeared in department 104 and made a presentation to the court. The showing and its results are set forth in the court's minute order dated March 30. The order's full text, excepting only the court caption, reads as follows:

"        MAR 30 1965      19
"THE PEOPLE OF THE STATE OF CALIFORNIA,
              vs.
ROBERT F TUCKER                                          300738
"Cause is advanced from April 2, 1965, on motion of the District Attorney. Deputy District Attorney A H Stovitz,

---

[1]All dates and events herein mentioned occurred in 1965.

present. It being represented to the Court that defendant is under arrest in Canada, a bench warrant is issued herein. Bail if forfeited. No bail is fixed on the bench warrant. Emmett C Lightner is sworn and testifies for the People. Trial date remains April 2, 1965, 9 A M. (Bench warrant is issued.)''

In its brief, and without contradiction from respondent, appellant states that the March 30 order was entered ''upon representation being made by the district attorney's office, and the testimony of Officer Lightner, that Tucker was in custody in Canada, . . .'' The record shows no more concerning the proof adduced on the subject of Tucker's whereabouts on March 30. Appellant states that it was given no notice of the March 30 proceeding, and the record—which we have augmented, as will appear—does not show that notice thereof was given to appellant, Tucker or anyone else.

On June 2, appellant filed a notice of motion to vacate and set aside the order of forfeiture and to exonerate the bail. The notice referred to the order as ''the order of forfeiture entered 4-2-65.'' After several continuances, the court denied the motion by order entered on October 5.

On the appeal (which is from the October 5 order denying appellant's motion), the parties argue such questions as the competence of evidence that Tucker was in custody elsewhere and the effect of his detention by civil authorities in another jurisdiction. We do not reach these points, however, because appellant also challenges—and respondent defends—the court's jurisdiction to make the order of March 30: and upon jurisdictional grounds we conclude that the order forfeiting bail was void and that the order appealed from must be reversed.

The statute here applicable is Penal Code, section 1305, which provides in relevant part that *"If, without sufficient excuse, the defendant neglects to appear* . . . for trial . . . , or upon any other occasion when his presence in court is lawfully required, . . . the court *must direct the fact to be entered upon its minutes* and the undertaking of bail . . . must thereupon be declared forfeited. . . .*"* (Italics added.)

''[W]here a statute requires a court to exercise its jurisdiction in a particular manner, follow a particular procedure, or subject to certain limitations, an act beyond those limits is in excess of jurisdiction.'' (*People* v. *Black* (1961) 55 Cal.2d 275, 277 [10 Cal.Rptr. 459, 358 P.2d 915]; *Burtnett* v. *King* (1949) 33 Cal.2d 805, 807 [205 P.2d 657, 12 A.L.R.2d 333]; *People* v. *Stuyvesant Ins. Co.* (1963) 216 Cal.App.2d

380, 382 [31 Cal.Rptr. 208].) ▮ In the manner in which Penal Code, section 1305 applies in the present case, it requires the court to order a bail forfeiture subject to the limitation—stated in the statute as an express condition precedent—that the defendant has neglected to appear for trial. Manifestly, Tucker on March 30 had not neglected to appear for a trial which was set for April 2. Lacking the essential jurisdictional fact on March 30, the forfeiture order made on that date was in excess of jurisdiction and void.

In this regard, respondent argues (1) that the order made on March 30 was in fact formally entered in the court's minutes on April 2, not on March 30; (2) that, according to authorities cited (*Talman* v. *Talman* (1966) 244 Cal.App.2d 799, 809 [53 Cal.Rptr. 514]; *Miller* v. *Stein* (1956) 145 Cal. App.2d 381, 383-384 [302 P.2d 403]), it was not effective until it was entered; and that this court should presume that its jurisdictional prerequisites were met *on April 2* because the record on appeal as requested by appellant did not show to the contrary.

The thrust of this argument is that the order made on March 30, becoming effective upon its entry on April 2, established on its face the defendant's failure to appear for trial on the later date. Because we were unwilling to accept the argument's third element—which in effect urged us to presume from a silent record that Tucker was in fact missing on April 2—we augmented the record on appeal (upon our own motion, pursuant to rule 12(a), Cal. Rules of Court) to include the full file of the superior court in the proceedings below.

The augmented record invalidates respondent's argument entirely. The order made on March 30 was formally entered in the court's minutes on April 6, not April 2.[2] Since nothing in its text as made or entered refers to Tucker's appearance or nonappearance on April 2, it gains nothing from the date of its entry on April 6.

▮ The augmented record does contain an order which was actually made on April 2 (and formally "entered" on April 9). It states only "Defendant's counsel J Forno,

[2]In appellant's motion to vacate the forfeiture order made on March 30, the order was identified as "entered 4-2-65." In the clerk's transcript on appeal, a photocopy of the order did not legibly reproduce the entry date stamped on the original. It appears that respondent, for these reasons and in complete good faith, asserted to this court that the order was entered on April 2. The date-stamp on the order in the superior court file clearly shows that the order was entered on April 6.

present. Bench warrant heretofore issued on March 30, 1965.'' Thus, neither order—March 30 or April 2—recites the facts (1) that Tucker had failed to appear for trial on April 2 *and* (2) that his nonappearance was ''without sufficient cause.'' Under the express terms of Penal Code section 1305, both facts ''must'' be entered upon the court's minutes in connection with a bail forfeiture.

Upon nonappearance of the defendant, his surety becomes liable by operation of the statute, and the court's action in recording the essential facts is ministerial and mandatory. (*People* v. *Burton* (1956) 146 Cal.App.2d Supp. 878, 883 [305 P.2d 302].) The March 30 forfeiture order was therefore in excess of the court's jurisdiction and void for the additional—but closely related—reason that the court failed to comply with the statute in recording the essential facts: i.e., the court failed to ''exercise its jurisdiction in a particular manner,'' or to ''follow a particular procedure, . . .'' (*People* v. *Black, supra,* 55 Cal.2d 275 at p. 277; *Burtnett* v. *King, supra,* 33 Cal.2d 805 at p. 807; *People* v. *Stuyvesant Ins. Co., supra,* 216 Cal.App.2d 380 at p. 382.)

The order appealed from is reversed. The lower court is directed to grant the motion to vacate the order forfeiting bail.

Devine, P. J., and Christian, J.. concurred.